## COMMONWEALTH *vs.* LUCEBA PARKER.

It is not a punishable offence, by the common law, to perform an operation upon a pregnant woman, with her consent, for the purpose of procuring an abortion, and thereby to effect such purpose, unless the woman be quick with child.

THE indictment against the defendant contained three counts. The first alleged that the defendant, at Boston, on the 6th of June 1843, unlawfully, knowingly and inhumanly, did force and thrust a sharp metallic instrument into the womb and body of a married woman, [named,] she, the said married woman, " being then and there pregnant with child, with a wicked and unlawful intent, of her the said Luceba, then and there to cause and procure the said " married woman " to miscarry, and prematurely bring forth the said child, with which she was then and there pregnant, as aforesaid, and that she, the said " married woman, " at said Boston, on the thirteenth day of the same month of June, by means of the said forcing and thrusting of said instrument into the womb and body of the said " married woman, " in manner aforesaid, did

bring forth the said child, of which she was so pregnant, dead."

The second count was like the first, except in the name of the married woman therein mentioned, and the time of the alleged offence. The third count was like the first and second, except that the offence was charged to have been committed, at another time, on another married woman, who was alleged to have been " quick and pregnant."

At the trial in the municipal court, it appeared in evidence that the acts alleged in the indictment were done, by the defendant, with the consent of the women named in the first and third count. The jury found the defendant guilty on the first and third counts, and not guilty on the second. Her counsel thereupon moved in arrest of judgment on the first count, "because no indictable offence is set forth in said count, inasmuch as there is no allegation that the woman therein mentioned was quick with child, at the time the operation was performed." He also moved for a new trial on the third count, " because the verdict was against the evidence ; because it was not proved that the woman in that count mentioned was quick with child, at the time the said operation was performed ; and because the judge instructed the jury that it was not necessary for the government to prove that said woman was quick with child, at the time of the performance of said operation."

The judge overruled these motions ; but as he deemed the questions arising thereon to be so important as to require the decision of the supreme judicial court, he made the foregoing report of the case, pursuant to the Rev. Sts. c. 138, § 12.

*Wilmot*, for the defendant.

*S. D. Parker*, for the Commonwealth.

SHAW, C. J.   Without stating particularly the formal grounds of the motions in arrest of judgment and for a new trial, it is sufficient to say that they resolve themselves into one question, namely, whether it is an indictable offence, at common law, to administer a drug, or perform an operation upon a pregnant woman, with her consent, with the intention

and for the purpose of causing an abortion and premature birth of the fœtus of which she is pregnant, by means of which an abortion is in fact caused, without averring and proving that, at the time of the administration of such drug, or the performance of such operation, such woman was quick with child. The instruction of the judge, at the trial, was, that it was not necessary to aver, or, if averred, to prove, this fact; and if this instruction was incorrect, a new trial ought to be awarded.

We must take care not to confound this case with some others, which resemble it in fact, but fall within another principle. The use of violence upon a woman, with an intent to procure her miscarriage, without her consent, is an assault highly aggravated by such wicked purpose, and would be indictable at common law. So where, upon a similar attempt by drugs or instruments, the death of the mother ensues, the party making such an attempt, with or without the consent of the woman, is guilty of the murder of the mother, on the ground that it is an act done without lawful purpose, dangerous to life, and that the consent of the woman cannot take away the imputation of malice, any more than in case of a duel, where, in like manner, there is the consent of the parties.

The case of *Commonwealth* v. *Bangs*, 9 Mass. 387, is relied on, as a direct authority for the defendant. It is insisted upon, however, on the part of the prosecution, that that part of the opinion, which states that it must be averred and proved that the woman was quick with child, was *obiter dic tum*, and not necessary to the decision.

The report is very short; and as no reasons are assigned, we cannot certainly infer whether the decision was placed upon that ground. The motion in arrest of judgment was upon two grounds; *first*, that no abortion, in fact, was produced; and *second*, that it was not alleged that the woman was quick with child; and the judgment was arrested, apparently, on both grounds. We are therefore inclined to consider it as an adjudication of the point now raised.

And the court are of opinion that, at common law, no in-

dictment will lie, for attempts to procure abortion with the consent of the mother, until she is quick with child. It was only considered by the ancient common law that the child had a separate and independent existence, when the embryo had advanced to that degree of maturity designated by the terms "quick with child," although, to many purposes, in reference to civil rights, an infant *in ventre sa mère* is regarded as a person in being. 1 Bl. Com. 129. And the ancient authorities, which speak of this crime as an offence at common law, speak of a case where the woman is quick with child. In 3 Inst. 50, Lord Coke says, "if a woman be quick with child, and, by a potion or otherwise, killeth it in her womb, or if a man beat her, whereby the child dieth in her body, and she is delivered of a dead child, this is a great misprision, and no murder." And to the same point are the more ancient authorities of Bracton and Fleta.

*Si sit aliquis qui mulierem pregnantem percusserit, vel ei venenum dederit, per quód fecerit abortivum, si puerperium jam formatum vel animatum fuerit, et maxime si animatum, facit homicidium.* Bracton, 121. To the same effect are 1 Hawk. c. 31, § 16, and 1 Gabbett Crim. Law, 519.

This distinction, between a woman being pregnant and being quick with child, whatever may be the physical theory upon which it was originally founded, is well known and recognized in the law. "Life," says Blackstone, "begins, in contemplation of law, as soon as an infant is able to stir in the mother's womb." This distinction is strongly marked in *St.* 43 Geo. 3, *c.* 58, known as Lord Ellenborough's act; the first section of which declares it a capital offence to administer a drug to cause the miscarriage of any woman then being quick with child. And the same statute has another provision, declaring the same act, to procure the miscarriage of a woman not being quick with child, a felony of a mitigated character.

In the case of *Rex* v. *Phillips*, 3 Campb. 73, which was an indictment on this statute, it was held by that learned judge, Mr. Justice Lawrence, that, in the construction of this statute, the words "quick with child" must be taken to be accord-

ing to the common understanding, which was proved to be this; that a woman is not considered to be quick with child, till she has herself felt the child alive and quick within her. It is not necessary, however, to decide, in the present case, what degree of advancement in a state of gestation would justify the application of this description to a pregnant woman; because, in this case, it was not alleged, and the court ruled that it was not necessary to prove, that she was quick with child.

The only authority, adduced in support of the prosecution, was a precedent in 3 Chit. Crim. Law, 798, which is an indictment at common law, in which it is not alleged that the woman was quick with child. It does not appear that any judgment was rendered on this indictment, which was found shortly before the passing of the act of 43 Geo. 3; but as it is inserted, as a precedent, in a work of good authority, it was probably deemed good evidence of the law. But, upon a careful consideration of this precedent, it will not be found inconsistent with what we take to be the rule of the common law. The indictment contains several counts, and they all charge an assault upon the woman; and there is no intimation that the applications were made with her consent, but the conclusion, from the averments, is otherwise. It is then the case of an assault at common law, with aggravations. But what is more material is, that, although the woman was not alleged to be quick with child, yet it is averred that she was pregnant and big with child, and that the act was done by the defendant wilfully, and with intent feloniously, wilfully, and of his malice aforethought, to kill and murder the child with which she was so big and pregnant. And in other counts, it is laid that drugs were administered to her, she being pregnant with another child, and with intent to cause and procure her to miscarry and bring forth said child dead, &c. The whole proceeds on the averment, that she was then pregnant with a child, then so far advanced as to be regarded in law as having a separate existence, a life capable of being destroyed; which is equivalent to the averment that she was quick with child. See 15 Pick. 256.

There being no averment, in the first count in this indictment, that the woman was quick with child, or any equivalent averment, and the judge, who tried the case, having instructed the jury that it was not necessary to prove such averment in the third count, the court are all of opinion that, although the acts set forth are, in a high degree, offensive to good morals and injurious to society, yet they are not punishable at common law, and that this indictment cannot be sustained.*

---

* By *St.* 1845, c 27, provision is made for the punishment of the offence with which the defendant was charged in this case.