## Commonwealth *v.* Longwell, Appellant.

*Practice, Superior Court—Appeals — Criminal law — Academic questions—Technical errors.*

Upon an appeal from the court of quarter sessions, the Superior Court will not reverse a judgment for technical errors which could not have had any effect upon the result of the trial. The disposition of appeals in criminal cases is not to be made to turn upon academic questions.

The Superior Court will dismiss an assignment of error which raised an academic question that the admission of certain testimony as to a conversation was improper, where the conversation was not made to relate to the defendant, and could not in any way have affected the result of the trial.

*Criminal law—Procuring a miscarriage—Proof—Pregnancy— Evidence—Admissibility—Drugs—Administration.*

Upon the trial of one indicted for administering a drug with intent to procure a miscarriage, and also for using an instrument for the same purpose, it is not essential to a conviction that the Commonwealth prove the pregnancy of the woman. If the parties feared that the woman might have been pregnant, and used a drug or instrument to produce a miscarriage, they are guilty, although the woman may not have been pregnant. It is, therefore, proper to permit the woman, in such case, to testify that she told the defendant that she had been having frequent sexual intercourse, and was pregnant.

When a defendant furnishes a drug to a woman, and directs her how to use it, with intent to procure a miscarriage, he may be found guilty of administering the drug without proof that he actually conveyed it to her lips.

*Practice, Superior Court—Appeals—Charge of the court—General exceptions.*

A general exception to the charge of the court raises only questions of fundamental error, or such as is clearly prejudicial to the case of the defendant.

A party may not sit silent when a judge misquotes a material point in the testimony, and take chances with the verdict.

A charge will not be held inadequate, although reference might have been made more fully to evidence upon one side.

Argued April 10, 1922. Appeal, No. 49, Oct. T., 1922, by defendant, from judgment of Q. S. Lycoming County, Dec. Sessions, 1920, No. 58, on verdict of guilty, in the case of Commonwealth of Pennsylvania v. D. W. Longwell. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment for administering a drug and using instruments to procure a miscarriage. Before WHITEHEAD, P. J.

The opinion of the Superior Court states the case.

70   COMMONWEALTH *v.* LONGWELL, Appellant.

Statement of Facts—Opinion of the Court. [79 Pa. Superior Ct.

Verdict of guilty, upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence, quoting it, several parts of the charge, and the charge as a whole.

*Paul J. Edwards,* and with him *Andrew B. Dunsmore,* for appellant.—The opinion of the girl as to her pregnancy was incompetent, and should not have been allowed in evidence: Musick v. Latrobe Boro., 184 Pa. 375; Dooner v. D. & H. Canal Co., 164 Pa. 17.

The judge should have charged the jury that the interests of the witnesses, in this case, should be taken into consideration: McCord v. Whitacre, 8 Pa. Superior Ct. 277; Hayes v. P. R. R. Co., 195 Pa. 184; Richards v. Willard, 176 Pa. 181.

A tendency to mislead in the general tenor of the charge, is sufficient ground for reversal; Renn v. Tallman, 25 Pa. Superior Ct. 503; White v. Black, 14 Pa. Superior Ct. 459; Heydrick v. Hutchinson et al., 165 Pa. 208.

*Carl A. Schug,* District Attorney, for appellee.—Evidence of extraneous facts, with which the subject-matter of the suit is inseparably connected, is always admissible: Com. v. Mitchell, 6 Pa. Superior Ct. 374.

A party may not sit silent, and take his chances with the jury, and then complain of a matter which, if error, should have been rectified: Com. v. Razmus, 210 Pa. 611; Oehmler v. Pittsburgh Rys. Co., 25 Pa. Superior Ct. 617; Com. v. Wasson, 42 Pa. Superior Ct. 38.

OPINION BY PORTER, J., July 13, 1922:

The indictment upon which the defendant was tried contained two counts; the first count charging, in formal legal phrase, that he did administer to a woman named, then pregnant with child, a certain drug and substance,

with intent thereby to procure the miscarriage of her, the said woman, and the second count charged the use of an instrument, upon the said woman, with like intent. The trial resulted in a verdict of guilty upon the first count and not guilty upon the second count of the indictment, and the court imposed the sentence warranted by the verdict. The defendant appeals.

The mother of the girl was called as a witness and having testified that some days after the girl had visited the office of the defendant the girl became ill and she noticed blood upon her undergarments, she was then asked: "Q. What did you say to her?" Counsel for the defendant objected to the question. The court overruled the objection and an exception was taken to the ruling. The reply of the witness to the question was: "I said to Catherine I see that you are sick. 'Yes,' she says, 'I am.' I proceeded to try to do things for her to allay the pain and suffering she was enduring." This was the sum total of the testimony admitted under the exception. It was entirely proper to permit the mother to testify that she saw that her daughter was ill and proceeded to minister to her. There was, however, technical error in the ruling admitting testimony of the conversation between the mother and daughter, in the absence of the defendant; but the testimony as to the conversation certainly worked no injury to the cause of the appellant. The mother merely said to the daughter that she saw she was sick and the latter replied that she was. The name of the defendant was not mentioned, nor was the cause of the illness, nor its nature. This was immediately followed by testimony that the mother had at once called another physician, who ministered to the girl and, when subsequently called as a witness, testified as to the conditions which he found. The disposition of appeals of this character is not to be made to turn upon mere academic questions, nor are judgments to be reversed for technical errors which could not possibly have had any

effect upon the result of the trial. The first assignment of error is dismissed.

The mere fact that the girl went out from her home one evening, in December, 1920, in company with Frank Maxwell, her lover, as testified to by the mother of the girl, could not have injured the cause of the defendant. The girl testified without objection on the part of defendant's counsel, fully with regard to leaving her home in the company of Maxwell, that they went to the office of this defendant, her sister accompanying them; that the defendant asked which girl it was, when Maxwell pointed to her, and that the defendant then took her into his back office, that she told him she had been pregnant three months, that the defendant said he would see what he could do for her and then used an instrument upon her person, which he said would cause a flow of blood and told her if it didn't bring any results to come again in about a week; that she went back in about a week when he again used an instrument and gave her some pills with direction how to take them. The defendant, who testified in his own behalf, said that Maxwell had arranged with him by telephone to bring to his office at an appointed hour a girl who had some private trouble, and that when they came, in company with another girl, he asked Maxwell "which is the lady." In view of these admissions of the defendant we cannot conceive how his case was prejudiced by testimony that the girl had one evening early in December left her home in the company of Maxwell, and it certainly did appear that arrangements had been made for her reception at the office of the defendant. The second and fourth assignments of error are dismissed. While it is not essential to a conviction in cases of this character that the Commonwealth prove that the woman was actually pregnant, it is necessary to establish by evidence that the unlawful act be done with intent to procure a miscarriage of the woman in case she is pregnant. If the parties feared that the woman may have become pregnant as the result of illicit

connection and administered the drug, or used the instrument or other means, with intent to produce her miscarriage, if she was pregnant, then they are guilty although she may not have been actually pregnant. The fact that the parties have cause to suspect that the woman may be pregnant is, therefore, in such cases, material to the issue. This being the case it was entirely proper to permit the girl to testify that she frequently had sexual intercourse with Maxwell during a period of several months immediately prior to the evening he took her to the office of this defendant, and that she told the defendant she had been pregnant for three months. The third assignment of error is overruled.

Counsel for the defendant excepted "generally to the charge of the court, and especially to the answer of the court to the first point presented on behalf of the defendant." The first point was properly refused and that ruling is not now assigned for error. This leaves merely the general exception to the charge, and upon such an exception the judgment will not be reversed unless for fundamental error, or such as is clearly prejudicial to the case of the defendant. The fifth specification of error refers to that part of the instruction of the court bearing upon the offense charged by the first count of the indictment, administering a drug with intent to procure a miscarriage, as applicable to the evidence in this case. The evidence was that the defendant had given to the girl pills, told her how to take them, that she had complied with his instructions and that in five days she became violently ill and suffered profuse hemorrhage. The contention of counsel for the defendant is that the giving of the pills to the girl by the defendant, with instructions how to use them and the taking of the pills by the girl ought not to be held to constitute the offense defined by the statute. It is said in the brief: "The defendant did nothing in the way of application of his remedy, nor was the remedy applied in his presence, nor in fact within his knowledge." This contention amounts to simply this,

that a defendant cannot be held to "administer" a drug unless he actually conveys it to the lips of the woman and it is by her swallowed in his presence. This contention cannot be sustained. When a defendant thus furnishes a drug to a woman and directs her how to use it, with intent to procure a miscarriage, he merely employs her as the instrument for the accomplishment of his unlawful purpose and is responsible for the result. The sixth and seventh assignments of error refer to certain alleged inaccurate references to the testimony by the court and the eighth assignment complains that the charge, as a whole, was inadequate and misleading. The slips of the court in recital of the testimony, if any, were not of a material nature. When a judge in referring to the testimony of a witness misquotes it in a material point, his attention should be called to the error at once before the jury retires. The party may not sit silent and take his chances of a verdict and then if it is adverse complain of the matter, which, if an error, would have been immediately rectified and made harmless: Com. v. Razmus, 210 Pa. 611. The charge will not be held to be inadequate, although reference might have been made more fully to evidence upon one side. The learned judge of the court below said to the jury, in this case: "In my brief recital if I have omitted any testimony you should take that into consideration. If I have mistakenly quoted any of the testimony you should correct such mistakes. The testimony is entirely for your consideration, and the court has no right to influence you in any way in reaching a verdict." If the judge failed to charge upon some point which the prisoner's counsel regarded as essential to the defense, it is only fair to the trial judge that his attention should be called to it before the jury leave the bar in order that he may correct any omissions: Com. v. Zappe et al., 153 Pa. 501; Com. v. Russogulo, 263 Pa. 102. It is only necessary to here repeat what was said by President Judge RICE, in Com. v. Wasson, 42 Pa. Superior Ct. 62: "It is only in exceptional cases, as

for example, where it plainly appears that the charge is so inadequate as to be misleading, or where by indirection, it withdraws the attention of the jury from material issues or evidence, or from matters entering as necessary elements into the decision of the question at issue, or where its tendency as a whole is to unduly magnify the importance of the proofs introduced by one party and to belittle those introduced by the other party, that the court will be reversed upon general exceptions of this nature." We are not convinced that the court below erred in refusing to grant a new trial. All the assignments of error are dismissed.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.