## Commonwealth v. Heffelfinger, Appellant.

*Criminal law—Abortion—Accessory—Evidence—Act of June 26, 1895, P. L. 387.*

In the trial of an indictment for procuring an abortion, the antemortem statement of the woman who was the subject of the abortion is admissible, under the provisions of the Act of June 26, 1895, P. L. 387.

*Criminal law — Indictment — Accessory before the fact — Abortion.*

One who is indicted as a principal, although the evidence may establish that he was an accessory before the fact, is liable to be indicted, tried, convicted and punished in all respects as though he were the principal felon. The law does not require that the person

alleged to have actually performed the operation should be tried before such defendant.

*Criminal law—Trials—Remarks of court.*

To warrant a reversal of a conviction because of remarks of the trial judge, it must appear that such remarks were prejudicial to the rights of the defendant, or that it is strongly probable that prejudice resulted.

Argued November 14, 1923. Appeal, No. 12, March T., 1924, by defendant, from the judgment of the Q. S. Dauphin Co., Jan. Sessions, 1922, No. 179, on verdict of guilty, in the case of Commonwealth of Pennsylvania v. Lester D. Heffelfinger. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for procuring an abortion. Before HARGEST, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court, answers to points and refusal to direct a verdict in favor of the defendant.

*Michael E. Stroup,* for appellant.

*Philip S. Moyer,* District Attorney, for appellee.

OPINION BY HENDERSON, J., December 15, 1923:

The appellant first complains that the court erred in refusing to withdraw a juror as set forth in the first assignment, the occasion for such application being the remark of the court drawn out in a colloquy with the defendant's counsel with reference to the significance of the term "criminal abortion," a medical witness having

used the phrase. Objection was made to the use of the word criminal whereupon that was stricken from the record, and in that connection the court said "I do not think it hurts you because there is not any other kind that could apply to this case." As the defendant was charged with having produced a criminal abortion, and as the uncontradicted evidence tended strongly to show that such an offense had been committed by some person, the only serious question being whether the defendant was the guilty person, we are unable to see how the defendant was prejudiced by the remark of the court. There is nothing in the testimony to suggest that the cause of the death of the young woman was not that which was stated by the physicians who attended her, and the statement of the court had no bearing on the relation of the defendant to the fact charged in the indictment. To warrant a reversal for the reason assigned it must appear that the remark of the trial judge was prejudicial to the rights of the defendant, or that it is strongly probable that prejudice resulted: Beardslee v. Columbia Township, 188 Pa. 503; Com. v. Longwell, 79 Pa. Superior Ct. 68. The cases cited by the learned counsel for the appellant rest on obviously different grounds.

Objection was made to the admission of the ante-mortem statement made by the young woman who was the subject of the operation. Such declarations are made competent under the Act of June 26, 1895, P. L. 387. The objection covers the form of the statement and the object for which it was offered. Part of the declaration, in which it is stated that the appellant arranged the operation with the doctor, is said to be incompetent as is also the purpose for which it was offered, there being nothing in the declaration to show that an operation was performed on the young woman by the doctor for the purpose of procuring an abortion. We do not regard either of these objections as substantial. The reference to the defendant in the statement was presumably made on knowledge and it was followed by evidence that the

defendant took the young woman to the doctor's office and was there when the act was performed which the Commonwealth alleged was the production of an abortion. What the young woman evidently intended to state was that the defendant arranged to have her see the doctor for whatever purpose was in her mind and that of the defendant. She does not describe what took place as an operation to produce an abortion. What it was, under all of the evidence, was an inquiry for the jury. She states what occurred at the time of the visit to the doctor. She did not give an opinion as to what had been done but confined her statements to the acts performed by the doctor in the presence of the defendant. There can be no doubt of the admissibility of her statement that an operation was performed. Whether it was of the character and for the purpose charged in the indictment could only be determined from consideration of all of the relevant facts developed by the testimony.

Under the third assignment the appellant contends that the case should not have been submitted to the jury because the guilt of the doctor, who was alleged to have performed the operation, was not first established. The defendant was indicted as a principal under the 44th section of the Criminal Procedure Act of 1860 and, although the evidence may have shown that he was an accessory before the fact to the criminal charge, he was liable to be indicted, tried, convicted and punished in all respects as though he were the principal felon. The learned trial judge instructed the jury that they must find that the crime was committed and that the defendant procured it to be committed. The whole case, therefore, of the commission of the offense and of the defendant's participation therein, was given to the jury. The law does not require that the person alleged to have actually performed the operation should be tried before this defendant: Com. v. Bradley, 16 Pa. Superior Ct. 561. The defendant was indicted as a principal, and the testimony tended to show that he procured the act to be

done and was present at its commission. On the facts disclosed by the evidence we find no error in the answers to the defendant's second and fourth points. There was evidence supporting the Commonwealth's charge that the defendant had participated in the act of procuring an abortion. The declaration of the young woman was corroborated by testimony of the defendant's admissions to the extent that he took her to the doctor's office and was present while the doctor performed some act or made some examination of her, although he did not see just what was done. Other evidence tended to show his knowledge and to establish a motive. The evidence was, therefore, sufficient to sustain the action of the court in submitting the case to the jury. No error is disclosed which will sustain a reversal.

The judgment is affirmed, the record is remitted to the court below, and it is ordered that the appellant appear at such time as he may be called and that he be by that court committed until he has complied with the sentence or any part of it that had not been performed at the time this appeal became a supersedeas.