STATE v. DR. A. U. FORTE.

(Filed 8 January, 1943.)

**1. Abortion §§ 1, 8—**

While, for many purposes, a child *in ventre sa mere* is supposed in law to be born, such child has no separate or distinct existence until advanced to that state of maturity designated by the term "quick with child," and a woman is not "quick with child" until she herself has felt the child alive within her.

**2. Abortion §§ 5, 8—**

On the trial of an indictment charging the performance of an operation upon a woman "quick with child," with intent thereby to destroy the child, C. S., 4226. where the proof tends to show the performance of an operation upon a pregnant woman, with no evidence that she was "quick with child," there is a fatal variance and defendant's motion for nonsuit should have been allowed. C. S., 4643.

APPEAL by defendant from *Armstrong, J.,* at 8 June, 1942, Term, of FORSYTH.

Criminal prosecution upon indictment charging defendant with offense of abortion.

The indictment, founded upon provisions of the statute, C. S., 4226, charges that "Dr. A. U. Forte and Albert Clark, late of the County of Forsyth, on the 28th day of March, A.D. 1942, with force and arms, at and in the county aforesaid, unlawfully, willfully and feloniously did minister and prescribe and advise and procure Elmer Lee McClure, a woman quick with child, to take any drug or medicine and did employ, use an instrument or other means with intent thereby to destroy the said child, the same not being necessary to preserve the life of the said Elmer Lee McClure against the form of the statute in such cases made and provided and against the peace and dignity of the State."

Upon the trial in Superior Court, evidence for the State tended to show these facts: That Elmer Lee McClure, 15 years of age, as result of sexual relations with Albert Clark, became pregnant in January, 1942; that on 28 March, 1942, she and Albert Clark went to office of defendant, Dr. A. U. Forte, who, for an agreed fee, examined her and pronounced her to be pregnant; and that then for a further stipulated fee, Dr. Forte agreed to perform, and did perform an operation upon Elmer Lee McClure, details of which are not essential, as a result of which "a little form of the baby" was discharged the next morning. The evidence for State fails to show a quickening of the child.

On the other hand, defendant, Dr. Forte, having pleaded not guilty, offered evidence tending to show an alibi upon which he relied as a

defense. When the State rested its case, defendant Forte moved to dismiss the case by judgment as of nonsuit. C. S., 4643. The motion was denied and he excepted; and, again, at close of all the evidence, said defendant renewed his motion for judgment as of nonsuit. The motion was denied and he excepted.

Verdict: Guilty.

Judgment: Confinement in the State's Central Prison for a period of not less than two and one-half, nor more than five years, and assigned to such labor as provided by law.

Defendant appeals to Supreme Court, and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*Fred S. Hutchins and H. Bryce Parker for defendant, appellant.*

WINBORNE, J. Defendant logically and convincingly presses for error in the trial below the denial of his motion for judgment as of nonsuit upon all the evidence taken in the light most favorable to the State, for that there is a fatal variance between the offense contained in the bill of indictment and the proof offered. *S. v. Gibson,* 169 N. C., 318, 85 S. E., 7; *S. v. Corpening,* 191 N. C., 751, 133 S. E., 14; *S. v. Dowless,* 217 N. C., 589, 9 S. E. (2d), 18. The bill charges defendant with performing an operation upon "a woman quick with child" with intent thereby to destroy the child. C. S., 4226. The proof tends to show that the defendant performed an operation upon a pregnant woman, C. S., 4227, but it fails to show an operation upon a woman quick with child as charged.

In this State there are two statutes pertaining to abortion, C. S., 4226, and C. S., 4227. In pertinent part section 4226 makes it unlawful to administer drugs to or perform an operation upon a woman "either pregnant or quick with child . . . with intent thereby to destroy such child." And section 4227 makes it unlawful to administer drugs to or to perform an operation upon "a pregnant woman . . . with intent thereby to procure the miscarriage of such woman, or to injure or destroy such woman." The first relates to the destruction of the child, and the second, to miscarriage of, or to injury or destruction of the woman. Greater punishment is prescribed for a violation of the provisions of C. S., 4226, than for a violation of those of C. S., 4227. Manifestly, the Legislature intended to declare two separate and distinct offenses.

The question then arises as to how far the pregnancy shall be advanced before the child is capable of being destroyed. The general rule is that the child with which the woman is pregnant must be so far advanced as to be regarded in law as having a separate existence—a life capable of being destroyed.

While, for many purposes, a child *in ventre sa mere* is supposed in law to be born, "life," as stated Blackstone, "begins in contemplation of law as soon as an infant is able to stir in the mother's womb." 1 Bl. Com., 129; *Commonwealth v. Parker* (Mass.), 9 Metcalf, 263; *S. v. Cooper*, 22 N. J. L., 52, 51 Am. Dec., 248; *Evans v. The People*, 49 N. Y., 86; *Foster v. State* (Wis.), 196 N. W., 233.

In *Commonwealth v. Parker, supra*, it is said : "It was only considered by the ancient common law that the child had a separate and distinct existence when the embryo had advanced to that degree of maturity designated by the term 'quick with child,' " and, further, "that a woman is not considered to be quick with child until she has herself felt the child alive and quick within her."

In *S. v. Cooper, supra*, the principle is stated in this language : "In contemplation of law life commences at the moment of quickening, at that moment when the embryo gives that first physical proof of life, no matter when it first received it."

In the *Evans case, supra*, the Court said : "It was error to charge that the death of a child could be caused or produced before it had given evidence of life, had become 'quick' in the womb."

And in *Foster v. State, supra*, the Supreme Court of Wisconsin, referring to a statute in which the offense of destroying a child, with which a woman is pregnant, is declared to be manslaughter, and otherwise similar to our statute, C. S., 4226, states : "Neither in popular nor in scientific language is the embryo in the early stages called a human being. Popularly it is regarded as such for some purposes, only after it has become 'quick,' which does not occur until four or five months of pregnancy have elapsed. . . . It is obvious that no death of a child can be produced where there is no living child. Sec. 4352 requires the existence of a living child and the causing of its death, or that of the mother, before the offense there defined is committed. If pregnancy has not advanced sufficiently so that there is a living child—that is, a quick child—then felonious destruction of the fetus constitutes a miscarriage only." Webster defines "quickening" as : "The first movement of the fetus in the uterus felt by the mother, occurring usually about the middle of the term of pregnancy. A popular supposition ascribes it to the acquiring of independent life by the fetus." And in Black's Law Dictionary, it is stated that in medical jurisprudence "quickening" is "the first motion of the fetus in the womb felt by the mother, occurring usually about the middle of the term of pregnancy." And it is a matter of common knowledge that the term of pregnancy is ten lunar months, or 280 days.

Thus, applying the above principles to the case in hand, evidence for the State tends to show that the pregnancy of Elmer Lee McClure began

in January, 1942, and the operation was on 28 March, 1942, a period much shorter than half the term of pregnancy, and there is no evidence of a quickening of the child, proof of which is required when the State proceeds under the provisions of C. S., 4226, as it does in the bill of indictment under which defendant stands charged. The proof does not conform to the allegation.

In the criminal law it is elementary that defendant must be convicted, if at all, of the particular offense alleged in the bill of indictment. The evidence must correspond with the charge and sustain it, at least in substance, before there can be a conviction.

For reasons stated defendant's motion for judgment as of nonsuit should have been granted. Therefore, the judgment below is

Reversed.