STATE v. MAYFORD JORDON.

(Filed 5 June, 1947.)

**1. Abortion § 1—**

G. S., 14-44, and G. S., 14-45, creates separate and distinct offenses, the first statute being designed to protect the life of a child *in ventre sa mere*, and the second being primarily for the protection of the woman.

**2. Same—**

A prosecution under an indictment charging that defendant prescribed certain drugs for a pregnant woman with intent to destroy the child, without allegation that the drug was prescribed with intent to procure a miscarriage or to injure or destroy the woman, is a prosecution under G. S., 14-44.

**3. Statutes § 11—**

Penal statutes must be strictly construed.

**4. Abortion § 2—**

The words "either pregnant or quick with child" contained in G. S., 14-44, mean "pregnant with child that is quick," since otherwise the words "or quick with child" would be merely confusing surplusage, and since the *sine qua non* of the offense is the intent to destroy the child *in ventre sa mere*, which must be quick before it has independent life.

**5. Abortion § 10—**

Evidence that defendant, with intent to produce a miscarriage, gave a certain drug to a woman within thirty days after she had conceived, is insufficient to be submitted to the jury in a prosecution under G. S., 14-44, since in such instance the child could not be quick.

APPEAL by defendant from *Rousseau, J.*, at December Term, 1946, of FORSYTH. Reversed.

Criminal prosecution under bill of indictment which charges that defendant did "unlawfully, wilfully and feloniously prescribe for one Mildred Bennett, she being pregnant, to the knowledge of the said Mayford Jordon, certain medicines, drugs or instrument, with intent thereby to destroy said child, . . ."

There were intimate relations between defendant and the prosecutrix on the first and third Sundays in July, 1946. Sometime shortly after 15 August she discovered she was pregnant and so informed the defendant. Thereupon he procured twelve 5-grain capsules of quinine, gave them to her, and told her to take them "and it would destroy the baby." Later he gave her twelve more capsules. She took four and threw the others away. The medicine did not have the desired effect.

During the progress of the trial the defendant inquired whether the State was proceeding under G. S., 14-44, or 14-45. The court replied it was proceeding under G. S., 14-44. There was a verdict of guilty.

The court pronounced judgment and defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*
*Roy L. Deal and Fred S. Hutchins for defendant, appellant.*

BARNHILL, J. By the enactment of Chap. 351, P. L. 1881, the Legislature created two separate criminal offenses. The first, Sec. 1, now G. S. 14-44, is designed to protect the life of a child *in ventre sa mere* and makes it unlawful to prescribe or administer drugs to or perform an operation upon a "woman, either pregnant or quick with child," with intent thereby to destroy said child. The second, Sec. 2, now G. S. 14-45, condemns the administration of drugs to or performance of an operation upon a "pregnant woman . . . with intent thereby to procure a miscarriage of such woman, or to injure or destroy such woman," and is primarily for the protection of the woman.

Here the bill of indictment contains no allegation that the drug was prescribed with intent to procure a miscarriage or to injure or destroy the prosecutrix. Hence the court below correctly ruled that the prosecution is under G. S. 14-44.

So then the one question posed for decision is this: Is the evidence offered sufficient to sustain a conviction under G. S. 14-44? The answer depends upon the meaning of the term "either pregnant or quick with child" used in the statute and in the bill of indictment.

Broadly speaking, a woman is "pregnant" from the moment of conception until the time the impregnated ovum, embryo, fetus, or child is discharged from the uterus. This, the attorney-general contends, is the meaning of the word as used in the statute. On the other hand, the defendant insists that "pregnant or quick" is used as one term or expression to qualify, limit, or define "with child" and thus confines the period of pregnancy to which the statute relates to the latter half of the term of pregnancy during which the child is quick.

Concede, *arguendo,* that either construction may be permissible. Even so, the rule of strict construction applicable to penal statutes requires the adoption of the latter. Furthermore, this is the more reasonable conclusion. If "pregnant" is used in its broadest sense, then "quick with child" adds nothing to the statute. Instead, it constitutes the injection of superfluous and meaningless language in the law which tends only to confuse. It would likewise compel us to conclude that the Legislature made it a crime to administer drugs, etc., with the intent to destroy a child which had not yet come into being within the "intent" provision of the statute.

The very purpose of the statute is to protect the child *in ventre sa mere* after it has reached the stage of development at which it gives evidence

of independent life. And the *sine qua non* of the offense is the intent to destroy this child. We so held in *S. v. Forte,* 222 N. C., 537, 23 S. E. (2d), 842, where *Winborne, J.,* speaking for the Court, says:

". . . there is no evidence of a quickening of the child, proof of which is required when the State proceeds under the provisions of C. S. 4226 (now G. S. 14-44), as it does in the bill of indictment under which defendant stands charged."

Therefore, we conclude that "either pregnant or quick with child" as used in G. S., 14-44, means "pregnant, *i.e.,* quick with child" or "pregnant with child that is quick."

The evidence offered tends to show that the medicine was prescribed or administered, if at all, within 30 days after conception. There is no evidence prosecutrix was then "quick with child." Indeed, in the course of nature, she could not have been. Hence, *S. v. Forte, supra,* is controlling.

The judgment below is

Reversed.