STATE v. GENEVA PHIFER HOOVER AND FLORENCE STALLWORTH.

(Filed 16 March, 1960.)

**1. Abortion § 1—**

G.S. 14-44 and G.S. 14-45 create separate and distinct offenses, the first, designed to protect the life of a child *in ventre sa mere,* making it unlawful to employ an instrument upon a woman quick with child with intent to destroy the child unless necessary to preserve the life of the mother, and the second, designed to protect the health or life of a pregnant woman, making it unlawful to administer any drugs or use any instrument upon a pregnant woman with intent thereby to produce the miscarriage of such woman.

**2. Abortion § 3—**

In a prosecution for abortion it is competent for the femme to testify as to her belief on the day of the alleged operation that she was pregnant.

**3. Same—**

In a prosecution under G.S. 14-45 it is required that the State prove the fact of pregnancy but it is not required that it prove an actual miscarriage.

**4. Same—**

In a prosecution under G.S. 14-45 it is not required that the child be quick, but the offense may be committed during any stage of pregnancy.

**5. Same—**

Testimony of the femme in a prosecution under G.S. 14-45 that at the time of the operation she believed she was a month and a half or two months pregnant, together with testimony of two physicians, who examined her the day after the operation, to the effect that from the size of her uterus it was their opinion that the femme was about two months pregnant, is sufficient to be submitted to the jury on this element of the offense.

**6. Abortion § 1—**

In a prosecution upon an indictment charging violation of G.S. 14-44 and the violation of G.S. 14-45, the State may not be nonsuited if there is sufficient evidence of defendant's guilt of either of the offenses.

**7. Criminal Law § 101—**

Where the indictment contains separate counts charging separate offenses the State may not be nonsuited if there is sufficient evidence of defendant's guilt on either count.

**8. Abortion § 2—**

A defendant cannot be convicted under G.S. 14-44 if there is no evidence that at the time the offense was committed the child was quick.

**9. Criminal Law § 94—**

The remark of the court during the examination of a witness for the State that the court found the witness a reluctant witness and that

therefore the court would allow a certain line of questioning, *held* not prejudicial to defendant, since the remark, when considered in the light of all the facts and circumstances, had the effect of lessening the strength or minimizing the weight of the testimony of the State's witness.

**10. Same—**

Not every remark of the court or question propounded by it to a witness is of such harmful effect as to constitute reversible error, and a new trial will not be granted therefor unless it is apparent that such action might reasonably have prejudiced defendant.

**11. Criminal Law § 160—**

Defendant may not object to an infraction of the rule prohibiting the court from expressing an opinion on the credibility of a witness when such occurrence is prejudicial to the State rather than to defendant.

**12. Criminal Law § 84—**

The admission in evidence of a written statement made by a witness for the State for the sole purpose of corroborating her testimony upon the trial *held* not to justify a new trial.

**13. Criminal Law § 91—**

Where the court sustains defendant's objection to testimony and strikes it and then sustains the objection to the following question, an assignment of error to the asking of the second question will not be held prejudicial.

**14. Criminal Law § 117—**

A verdict of guilty as charged rendered in a prosecution on an indictment containing two separate counts is a verdict of guilty as to both counts.

**15. Criminal Law § 161—**

Where the charge of the court is not in the record it will be presumed that the court correctly charged the law arising upon the evidence.

**16. Criminal Law § 132—**

Under a judgment of imprisonment for not less than one year defendant cannot be lawfully imprisoned for more than one year.

**17. Criminal Law § 164—**

Where the trial of the defendant upon an indictment containing two counts is free from prejudicial error and but a single judgment of imprisonment is imposed, which is less than the maximum which might be imposed on either one of the counts, the fact that the evidence is insufficient to support a conviction of one of the counts does not warrant a new trial, there being sufficient evidence to support the verdict and judgment on the other count.

APPEAL by defendants from *Clarkson, J.,* 7 September 1959 Regular B Criminal Term, of MECKLENBURG.

Criminal action on an indictment with two counts: the first count charging both defendants with using and employing instruments upon Juanita Rozzell, a woman pregnant or quick with child, with intent thereby to destroy such child, the same not being necessary to preserve the life of the mother, a violation of G.S. 14-44, and the second count charging both defendants with using instruments and applications upon Juanita Rozzell, a pregnant woman, with intent thereby to procure the miscarriage of such woman, a violation of G.S. 14-45.

Plea: Not Guilty by both defendants. Verdict: Defendant Hoover is guilty as charged, defendant Stallworth is guilty as charged.

From a judgment of imprisonment as to each defendant of not less than one year, each defendant appeals.

*T. W. Bruton, Attorney General, and Harry W. McGalliard, Assistant Attorney General, for the State.*

*Allen A. Bailey, Attorney for Defendant Geneva Phifer Hoover, Henry E. Fisher, Attorney for Defendant Florence Stallworth, and Francis M. Fletcher, Jr., Counsel for defendants on appeal.*

PARKER, J.   G.S. 14-44 and G.S. 14-45 create two separate and distinct criminal offenses. G.S. 14-44 makes it unlawful to use or employ any instrument upon a woman, "either pregnant or quick with child" with intent thereby to destroy such child, unless the same shall be necessary to preserve the life of the mother. This statute is designed to protect the life of a child *in ventre sa mere.* " 'Either pregnant or quick with child' as used in G.S. 14-44, means 'pregnant, i.e., quick with child' or 'pregnant with child that is quick.' " *S. v. Jordon,* 227 N.C. 579, 42 S.E. 2d 674. G.S. 14-45 condemns the administration of medicine, drugs or anything whatsoever to or the using of any instrument or application upon "any pregnant woman" with intent thereby to procure the miscarriage of such woman, or to injure or destroy such woman. G.S. 14-45 relates to the miscarriage of, or to the injury or destruction of a pregnant woman. G.S. 14-44 provides for a greater punishment than G.S. 14-45. *S. v. Forte,* 222 N.C. 537, 23 S.E. 2d 842; *S. v. Jordon, supra; S. v. Green,* 230 N.C. 381, 53 S.E. 2d 285. .

Defendant Stallworth offered evidence: defendant Hoover did not. Both defendants assign as error the overruling of their motions for judgments of nonsuit made at the close of all the evidence. Defendants filed a joint brief. In their brief they state their "primary argument on appeal" is that the State's evidence as to the alleged pregnancy of the

prosecutrix, Juanita Rozzell, at the ;time .the alleged offense was committed is insufficient to carry the. case to the jury.

The State's evidence tends to show the following facts: Juanita Rozzell is 22 years old. She has a four-year-old girl. She and her husband are living apart. Juanita Rozzell was asked on direct examination what was her physical condition on January 16th. She replied: "I was expecting." She was then asked what she meant by expecting. She replied: "I was pregnant. Before January 16th I had missed my monthly period, I was going on the second month." She testified without objection on cross-examination by defendant Hoover, "I know I was pregnant. . . . The father of the child I thought I was pregnant with was Robert Falls, he lives in Charlotte."

Defendants assign as error the denial by the court of their motions to strike out her testimony "I was expecting," and "I was pregnant." The court properly denied the motions. The evidence was competent. *Commonwealth v. Leger,* 264 Mass. 217, 162 N.E. 337, was an abortion case. The victim was Anna E. Craham, an unmarried woman, who believed herself pregnant because menstruation had ceased for two preceding periods. The Court said: "It was competent for Miss Craham to testify that 'she thought she was pregnant.'" In *S. v. Horwitz,* 108 Conn. 53, 142 A. 470, the Court held that in a prosecution for abortion, belief of victim on the day of alleged operation that she was pregnant was a relevant circumstance, properly proved by her own testimony. To the same effect: *People v. Ames,* 151 Cal. App. 2d 714, 312 P. 2d 1111, cert. denied 355 U.S. 891, 2 L. Ed. 2d 190, which holds no error was committed in permitting evidence of victims that they believed they were pregnant; *Holloway v. State,* 90 Ga. App. 86, 82 S.E. 2d 235; 3 Burdick, Law of Crime, pp. 291-292. See also: *Commonwealth v. Longwell,* 79 Pa. Super. 68; *S. v. Miller,* 90 Kan. 230, 133 P. 878, Ann. Cas. 1915B, 818.

About a week before 16 January 1959, Juanita Rozzell went to see the defendant Hoover at the Grill about having an abortion, and to see if she knew anyone who would do it. Defendant Hoover replied she thought she knew some one; that it would cost $75.00. This conversation was admitted against defendant Hoover alone.

On 16 January 1959, Juanita Rozzell went back to the Grill. She had $85.00 with her. Defendant Hoover carried Juanita Rozzell to her house on Statesville Avenue. When defendant Hoover went in her house, she made a telephone call, and said "This is Geneva, O. K." In a short time defendant Stallworth came in the house.

Juanita Rozzell then testified that the two defendants and she went into a back room, and she testified in detail as to defendant Stallworth

inserting long scissors-like instruments into her private parts, and what was done, etc., the sordid details of which we omit, as their recital here would serve no useful purpose. Defendant Hoover was present, assisting. After it was over Juanita Rozzell gave defendant Stallworth $75.00.

Five or six minutes after Juanita Rozzell got off the bed and put her pants on, policemen came in the house. In the room the policemen found two instruments, one having a small amount of blood on the point of it, syringe, tubes, etc.

Dr. Joseph B. McCoy, Jr., a medical doctor, and a medical expert in the field of obstetrics and gynecology, on 17 January 1959 examined Juanita Rozzell at the Good Samaritan Hospital. He testified, as a witness for the State, that he found, inter alia, blood in the vagina and "uterus anterior size of two months pregnancy and firm." Dr. McCoy testified that, based on his examination of Juanita Rozzell, she was pregnant, in his opinion. He testified on cross-examination that the size of her uterus was the size of two months pregnancy. He further testified on cross-examination: "The size of the uterus was the size of two months pregnancy. There were no lacerations I could detect. There was no damage to tissue in any way. While it is my opinion the patient was about two months pregnant I could be mistaken in that; it is merely an opinion, based primarily upon the size of the uterus and the color of the cervix. . . . Any number of things can cause an enlargement of the uterus."

Dr. Richard Dennis Hill, a medical doctor, engaged in the practice of obstetrics and gynecology, and a witness for the State, examined Juanita Rozzell on 17 January 1959. On such examination he found her uterus slightly enlarged, which is "consistent with about a size of 6 to 8 weeks pregnancy." Dr. Hill testified that he could not give an opinion as to whether she was pregnant or not. That definite signs of pregnancy are X-ray findings of the fetal skeleton or auscultation of the fetal heart rate, which are usually not seen until the 16th or 18th week of pregnancy, and these were not present.

When defendant Stallworth came out of the Hoover house, she was arrested by policemen, and carried to police headquarters. The policemen then went into the Hoover house. At police headquarters each defendant made a statement in the presence of the other. The substance of defendant Hoover's statement is: Juanita Rozzell came to her, and said she needed some help. Then she asked Juanita what she was talking about, and she replied "I want an abortion." She told Juanita she would see what she could do, and to contact her the following Wednesday. Later Juanita called her at the cafe, and asked

if she could get it done Friday. Juanita came to the cafe, and she took her to her home on Statesville Avenue. That when they reached there she called Florence Stallworth, that Florence Stallworth came over, and they took Juanita in the back room on the right where Florence Stallworth performed the abortion. That Florence gave her $35.00 in the hall. The substance of Florence Stallworth's statement is: She was contacted by Geneva Hoover, and told to come to her house. She went to the house. They went into a back room, and she asked Juanita how many months she was pregnant. She replied "one and a half or two months." She replied all right, and Juanita got on the bed. Defendant Stallworth told then in detail of putting the instrument into Juanita's vagina, and what she did. That Juanita paid her $75.00, and she gave Geneva Hoover $35.00, that when the police came up she was leaving, and they told her to get in their car, and she dropped the money by her car. Neither defendant denied the statement of the other.

An actual miscarriage is not a necessary element of the offense condemned by G.S. 14-45. 1 Am. Jur., Abortion, Sec. 12.

In a prosecution for a violation of G.S. 14-45, proof of pregnancy is essential. However, a woman may be pregnant within the meaning of G.S. 14-45, though the fetus has not quickened. 1 Am. Jur., Abortion, Sec. 16; Annotation: 46 A.L.R. 2d pp. 1397-1399, where cases are cited. See S. v. Slagle, 83 N.C. 630, as to the common law rule, where this Court held an abortion "may be committed at any stage of pregnancy." As to similar holdings as to the common law rule see Annotation 46 A.L.R. 2d pp. 1396-7, where cases are cited.

In annotation 16 A.L.R. 2d 951, it is said: "Statutes using the term 'pregnant woman' have been interpreted as meaning pregnancy during any stage, regardless of the vitality of the fetus."

The courts are in agreement that the element of pregnancy, like other elements of the offense, need not be established conclusively, but only beyond a reasonable doubt. 1 Am. Jur., Abortion, Sec. 47; 1 C.J.S., Abortion, Sec. 34; Annotation: 46 A.L.R. 2d 1404.

It is our opinion that the State's evidence has legal sufficiency to carry the case to the jury on the second count in the indictment, which charges a violation of G.S. 14-45, and is legally sufficient to support a verdict of guilty on that count.

The State's evidence does not show a violation of G.S. 14-44, as charged in the first count in the indictment, for the reason that there is no evidence that at the time of the offense charged Juanita Rozzell was "quick with child."

However, as the State's evidence was sufficient to support the second

STATE v. HOOVER.

count in the indictment, it was not permissible to nonsuit the State's case. On this question *S. v. Martin,* 182 N.C. 846, 109 S.E. 74, is directly in point. The trial court properly overruled the defendants' motions for judgment of nonsuit renewed at the close of all the evidence.

During the first part of the direct examination of the prosecutrix, Juanita Rozzell, she was asked several questions about what was said about money in her conversation at the Grill with defendant Hoover in respect to having an abortion performed. At this point the trial judge made this remark: "The court, in its discretion, finds this witness is a rather reluctant witness, and the court, in its discretion, allows this line of questioning." The defendants assign this as error, contending that in making such a remark the trial judge violated G.S. 1-180.

This Court said in *S. v. Perry,* 231 N.C. 467, 57 S.E. 2d 774: "It does not follow, however, that every ill-advised comment by the trial judge or question propounded by him which may tend to impeach the witness, is of such harmful effect as to constitute reversible error. The comment made or the question propounded should be considered in the light of all the facts and attendant circumstances disclosed by the record, and unless it is apparent that such infraction of the rules might reasonably have had a prejudicial effect on the result of the trial, the error will be considered harmless." Applying this test here, the remark of the trial judge, when considered in the light of all the facts and attendant circumstances shown by the record was not, in our opinion, of such a prejudicial nature as to have had any effect on the result of the trial. If such remark had any effect, it had the effect of lessening the strength or of minimizing the weight of the testimony of the prosecutrix, who was a witness for the State, and if there was any error, it was prejudicial to the State. This Court said in *S. v. Puett,* 210 N.C. 633, 188 S.E. 75: "The rule is clearly expressed in these words: 'Any remarks of the presiding judge, made in the presence of the jury, which have a tendency to prejudice their minds *against the unsuccessful party,* will afford ground for reversal of the judgment.' *Perry v. Perry,* 144 N.C., 328 (330). To constitute reversible error, an expression of opinion on the part of the court must be prejudicial to the interest of the appellant." *S. v. Rogers,* 173 N.C. 755, 91 S.E. 854, relied on by defendants, is clearly distinguishable. The prejudicial remark of the judge in that case was addressed to the defendant, who was testifying in his own behalf, and was to the effect to answer concisely the questions asked on cross-examination, "and not be dodging." This assignment of error is overruled.

The assignment of error as to the admission in evidence of a written statement of the prosecutrix, Juanita Rozzell, made to John W. Severs, a member of the detective bureau of the Charlotte Police Department, for the sole purpose of corroborating her, in respect to the offense charged, has been given due consideration, and is without sufficient merit to justify a new trial.

On direct-examination of Dr. Richard Dennis Hill, a witness for the State, he was asked this question: "Were any tests to determine whether or not the patient was pregnant made, either in your presence or by yourself?" He answered, "I did not make the test, but the test was made." Defendants' motion to strike the answer was allowed. He was then asked this question: "Did you get the benefit of the test that was made?" An objection to the question by defendants was sustained. Defendants assign as error the asking of the question. Prejudicial error is not shown, and this assignment of error is overruled.

The charge of the court is not brought forward. We cannot determine with certainty from the record, whether the trial judge submitted both counts in the indictment or only the second count in the indictment to the jury. Defendants in their brief speak of G.S. 14-45, and a pregnant woman, but their brief has nothing in respect to a woman "quick with child." However that may be, the record shows a verdict as to each defendant of guilty as charged, which is a verdict of guilty as to both counts in the indictment. S. v. Best, 232 N.C. 575, 61 S.E. 2d 612; S. v. Graham, 224 N.C. 347, 30 S.E. 2d 151; S. v. Toole, 106 N.C. 736, 11 S.E. 168. As to each defendant a single sentence was imposed, without reference to either count in the indictment.

Defendants' exceptions to the judgment are formal. They are not discussed in their brief.

In S. v. Snipes, 185 N.C. 743, 117 S.E. 500, the Court says that the following rule is generally recognized and applied: "Where the indictment contains several counts and the evidence applies to one or more, but not to all, a general verdict will be presumed to have been returned on the count or counts to which the evidence relates." The first syllabus in our Reports in S. v. Holder, 133 N.C. 709, 45 S.E. 862, is: "Where there is more than one count in a bill of indictment, and there is a general verdict, the verdict is on each count; and if there is a defect in one or more of the counts, the verdict will be imputed to the second count."

In this case there was no admission of improper evidence such as could have affected the verdict, and there is no contention there was an improper instruction. The charge of the court to the jury is not in the record. Therefore, it is presumed that the jury was charged cor-

rectly as to the law arising upon the evidence, as required by G.S. 1-180. *S. v. Phelps,* 242 N.C. 540, 89 S.E. 2d 132; *S. v. Harrison,* 239 N.C. 659, 80 S.E. 2d 481.

Here there is a verdict of "guilty as charged" in respect to each defendant. The trial is free from prejudicial error. The single judgment of imprisonment imposed on each defendant is upheld, for the reason that the second count in the indictment is sufficient to support the verdict and judgment as to each defendant. *S. v. Best, supra; S. v. Smith,* 226 N.C. 738, 40 S.E. 2d 363; *S. v. Weinstein,* 224 N.C. 645, 31 S.E. 2d 920; *S. v. Toole, supra.* See *S. v. Meshaw,* 246 N.C. 205, 209-210, 98 S.E. 2d 13, 16; *In re Powell,* 241 N.C. 288, 84 S.E. 2d 906.

G.S. 14-45 provides for imprisonment "for not less than one year nor more than five years and shall be fined at the discretion of the court." The judgment here as to each defendant is for imprisonment for not less than one year. Under these judgments the defendants cannot validly be imprisoned for more than one year.

No reversible error has been made manifest, hence the verdict and judgments will be upheld.

No error.