## WILLIAM DAVID ALFORD v. WILMA JOYCE McGEHEE AND CLAUDE ALFRED McGEHEE.

(Filed 10 May, 1961.)

APPEAL by plaintiff from *Gambill, J.,* 10 October Regular Civil Term 1960 of GUILFORD (Greensboro Division).

This is a civil action to recover damages for personal injuries sustained by the plaintiff when he was struck by an automobile driven by the defendant Wilma Joyce McGehee about 1:00 a.m. on 18 July 1959.

The plaintiff's evidence tends to show that he attempted to cross O. Henry Boulevard at night at a point where there was no crosswalk marked for the use of pedestrians; that he safely crossed the three lanes of southbound traffic; that before the plaintiff started to cross the three lanes for northbound traffic he saw the automobile driven by the defendant Wilma Joyce McGehee approaching from the south at a distance of about 180 yards. "Seeing that the car was * * * apparently a safe distance from me, I started across the northbound lanes of travel. I was trotting across, but I did not trot straight across. * * * I went across at roughly a 45-degree angle from a line exactly parallel with the highway. I was trotting, and at no time did I stop at any place in the highway. I had reached the eastern curb of the highway and had one foot up on the curb when I was struck by the automobile driven by the defendant * * *."

The evidence of the defendant Wilma Joyce McGehee tends to show that she was driving her car in the middle northbound lane at a speed of from 40 to 45 miles an hour; that she first saw the plaintiff at a distance of approximately 40 to 50 feet from her; that he was standing on the white dividing line between the westernmost lane of the northbound lanes of travel. "He appeared to have stopped there to wait for me to go by, and since I was in the middle lane of the northbound lanes of travel I cut to my right and went to the easternmost lane * * * of the northern lanes of travel in an effort to make sure that I would avoid the plaintiff, but when I did so Alford suddenly attempted to cross right in front of me, and although I hit my brakes, I was unable to avoid striking him with my right front fender * * *."

The plaintiff introduced certain portions of the pleadings tending to show that the automobile driven by the defendant Wilma Joyce McGehee was registered in the name of her co-defendant and husband, Claude Alfred McGehee, but the paragraphs of the answer of Claude Alfred McGehee, also offered in evidence by the plaintiff, are to the effect that Claude Alfred McGehee and his wife, Wilma Joyce Mc-

ALFORD *v.* MCGEHEE.

Gehee, were separated in January 1959; that he gave the automobile to his wife and that she assumed the outstanding and unpaid installments thereon; that on or about 28 April 1959 he executed the transfer of title to her when they met at her request at the office of the finance company.

At the close of all the evidence, the defendants moved for judgment as of nonsuit. The motion was allowed as to defendant Claude Alfred McGehee but denied as to defendant Wilma Joyce McGehee.

The case was submitted to the jury on the issues of negligence, contributory negligence and damages. The jury answered the first issue in favor of the defendant Wilma Joyce McGehee.

From the judgment entered on the verdict and the judgment as of nonsuit as to defendant Claude Alfred McGehee, the plaintiff appeals, assigning error.

*Smith, Moore, Smith, Schell & Hunter for plaintiff.*
*No counsel contra.*

PER CURIAM. It is presumed that this case was submitted to the jury upon a correct charge on proximate cause and other essential features in connection with the issues of negligence and contributory negligence, since the charge was not included in the case on appeal. *S. v. Hoover,* 252 N.C. 133, 113 S.E. 2d 281; *S. v. Harrison,* 239 N.C. 659, 80 S.E. 2d 481.

The appellant insists that while he did not plead the doctrine of last clear chance as such, his general allegations with respect to defendant's conduct in operating her automobile were sufficiently broad to require the submission of such an issue, which was tendered by him in apt time.

In our opinion, the questions raised by the pleadings were not complicated and presented no factual situation that could not be properly determined by the jury on a correct charge on the issues of negligence and contributory negligence, and we so hold.

In view of the conclusion we have reached, the answer on the issue of negligence having been rendered by the jury in favor of the defendant Wilma Joyce McGehee, the ruling on the motion for judgment as of nonsuit as to Claude Alfred McGehee becomes academic.

The judgment as of nonsuit as to the defendant Claude Alfred McGehee is affirmed, and in the verdict and judgment as to the defendant Wilma Joyce McGehee no error sufficiently prejudicial to warrant a new trial has been shown.

No error.