## COMMONWEALTH *vs.* DAVID WAGNER.

Hampden.    October 9, 1918. — November 25, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Evidence,* Dying declarations, Opinion: experts. *Abortion.*

At the trial of an indictment under R. L. c. 212, § 15, for unlawfully attempting by the use of a certain instrument to procure the miscarriage of a certain woman, in consequence of which she died, the dying declarations of the woman, made when she fully realized that she had no hope of recovery, contained in the form of answers to questions in a paper subscribed and sworn to by her before a justice of the peace, who testifies to having taken down the answers as nearly as he could in writing long hand, are admissible in evidence, and the presiding judge properly may allow the contents of the paper to be read to the jury.

The statements of the woman contained in such a paper, which describe her purpose in seeking medical advice and assistance from the defendant and her conversations with him, are competent evidence, to which the declarant could have testified as a witness, if living.

At the trial of such an indictment the medical examiner who performed the autopsy on the body of the woman, and whose qualification as an expert is unquestioned, properly may be allowed to testify as to what in his opinion was the cause of her death.

INDICTMENT, found and returned in the Superior Court in the county of Hampden in May, 1917, under R. L. c. 212, § 15, charging that the defendant at Springfield on March 23, 1917, "with intent to procure the miscarriage of Nellie Ostrom did unlawfully use a certain instrument upon the body of said Nellie Ostrom, and, in consequence thereof, said Nellie Ostrom died."

The defendant was tried before *Hamilton,* J. The exceptions to the admission of evidence are described in the opinion. At the close of the evidence the defendant made the following motion: "That the case be taken from the consideration of the jury upon the grounds that upon all the evidence the dying declarations of the deceased were not admissible, and in the absence of these dying declarations there is not sufficient evidence for the jury to consider as to the defendant's guilt under the indictment; and upon the further reason that the written statement of said dying declarations should not have been read to the jury, but if used at all should have been used only by the witness to refresh his

recollection, as that statement does not contain all the questions of the witness and all the declarations of the deceased.

"Upon all the evidence the Commonwealth is not entitled to maintain its indictment against the defendant."

The justice of the peace, who took down in writing the statement of the dying declarations, testified at the trial that the questions were as he asked them and that the replies of the woman were as near as he "could get them in writing long hand," except the wording of the statement at the end as to the knowledge by the declarant of her impending death.

The judge denied the motion and "gave appropriate instructions to the jury to which no exception was taken." The jury returned a verdict of guilty; and the defendant alleged exceptions.

The case was submitted on briefs.

*C. L. Young & W. G. McKechnie,* for the defendant.

*J. B. Ely,* District Attorney, for the Commonwealth.

BRALEY, J. The defendant, who has been indicted, tried and convicted under R. L. c. 212, § 15, of the crime of unlawfully attempting by the use of a certain instrument to procure a miscarriage of one Nellie Ostrom, in consequence of which she died, contends, that his exceptions to the admission of evidence, and to the refusal to direct a verdict in his favor, show reversible error entitling him to a new trial.

The Commonwealth having offered in evidence a paper subscribed and sworn to by her before a justice of the peace, purporting to be her declarations concerning the material acts and conduct of the defendant, the question is whether the preliminary findings of the judge, that "the deceased believed that her end was near and that she had no chance of recovery and that she had no hope of recovery" were within his province and were warranted. The undisputed evidence of the attending physician and of the magistrate, which was properly admitted, furnishes ample proof that she fully realized that recovery was impossible and that she must die. It was under these conditions that the questions were asked and answered. The paper, although not a deposition, having been primary evidence of her declarations, the judge in unexceptionable language rightly permitted it to be read to the jury, to whom in accordance with our rules of criminal procedure the question of its admissibility was ultimately left under appropriate

instructions to which no exceptions were taken.  *Commonwealth*
v. *Haney,* 127 Mass. 455.  *Commonwealth* v. *Turner,* 224 Mass.
229, 235.  The defendant however further urges, that the state-
ments therein descriptive of her purpose in seeking medical advice
or assistance, and of conversations with him, should have been
excluded.  But, if death had not ensued, the declarant as a witness
could have testified concerning her pregnancy and her relations
with the defendant as her medical adviser, and such testimony is
none the less competent, because it is presented in the form of
declarations made under a sense of impending death occurring
within twenty-four hours thereafter.  *Commonwealth* v. *Wood,* 11
Gray, 85.  *State* v. *Glass,* 5 Ore. 73.  *State* v. *Howard,* 32 Vt. 380.
*Mattox* v. *United States,* 146 U. S. 140.

The evidence of the medical examiner, whose professional
qualifications were unquestioned and who performed the autopsy,
that the cause of death was "septic abortion" as well as his
answer in the negative to the question whether the subsequent
operation of curetting performed at the hospital was sufficient to
have caused the infection or septic condition, was plainly compe-
tent.  The record shows that by the words "septic abortion"
he did not mean that a criminal abortion had been performed,
but meant only that a miscarriage had been caused producing
symptoms which were not attributable to the curetting.  *Common-
wealth* v. *Thompson,* 159 Mass. 56, 58.

The question of the defendant's guilt or innocence was for the
jury, and the exceptions must be overruled.

*So ordered.*