COMMONWEALTH *vs.* DIXI G. HOYT.

Worcester.    April 4, 1932. — May 31, 1932.

Present: RUGG, C. J., CROSBY, WAIT, SANDERSON, & DONAHUE, JJ.

*Abortion. Evidence*, Competency, Relevancy and Materiality, Corroborative. *Witness*, Cross-examination, Redirect examination. *Practice, Criminal*, New trial.

At the trial of an indictment charging the commission of the crime of abortion upon a certain woman, one count charging that the crime was committed by the defendant by use of his hands, and three others, in connection with a bill of particulars, that it was committed by use of a machine which applied electricity directly to the woman's person, there was evidence warranting a finding that such an instrument as above described was used by the defendant upon the body of the woman with intent on his part to procure her miscarriage, and also evidence warranting a finding that the defendant by the use of his hands removed from the body of the woman a completely formed child. The defendant was found guilty on all counts. Upon an appeal with an assignment of errors, it was *held*, that

(1) After cross-examination of the woman by counsel for the defendant in which he sought to show that her testimony was given under undue influence or duress exercised by some members of her family, and was a recent invention, and in which she was questioned respecting statements made by her in an affidavit previously given by her to the district attorney, a copy of the affidavit, given to the defendant's counsel at his request by the district attorney, being used by the counsel in the cross-examination, the district attorney properly was permitted to introduce such copy in evidence;

(2) After the defendant had testified on direct examination that he did not commit the acts set forth in the indictment, but had treated the woman only for a disease when she called upon him, and in effect that the members of the woman's family had attempted to extort money from him after his arrest, that the woman had told him that she had been forced by threats to tell the story she had repeated at the trial and that it was false; and in cross-examination had stated that he had not

made any complaint against the woman for perjury and had not reported the matter to any person except his counsel, the trial judge properly excluded evidence offered by the defendant that he had authorized his counsel to go to the district attorney and that his counsel had stated such matters to the district attorney, it being immaterial and irrelevant whether the defendant knew that his counsel went to the district attorney's office or the defendant had told him to do so and what the conversation between the district attorney and the defendant's counsel was;

(3) Motions that verdicts of not guilty be directed as to each count properly were denied;

(4) No abuse of discretion was shown in the denial of a motion for a new trial.

INDICTMENT, found and returned on October 23, 1931, charging abortion.

The indictment was tried in the Superior Court before *Beaudreau*, J. Material evidence and exceptions saved by the defendant are stated in the opinion. The defendant was found guilty on all counts, and filed an appeal with an assignment of errors.

The case was submitted on briefs.

*C. F. Campbell & C. T. Flynn*, for the defendant.

*E. G. Norman*, District Attorney, *O. A. Hoban & H. W. Brown*, Assistant District Attorneys, for the Commonwealth.

CROSBY, J. The defendant was tried by a jury and convicted on four counts of an indictment in each of which he was charged with the commission of the crime of abortion on Winifred E. Muldoon. The trial was conducted under the provisions of G. L. c. 278, as amended by St. 1925, c. 279, and St. 1926, c. 329. Counts 1, 2 and 4 charged that the defendant on December 8, 1930, December 13, 1930, and on June 29, 1931, with intent to procure a miscarriage, did unlawfully use a certain instrument upon the body of one Winifred E. Muldoon. Count 3 charged that the defendant on December 15, 1930, with a like intent, did unlawfully use his hands upon the body of said Winifred E. Muldoon. On November 6, 1931, the defendant filed two motions to quash the several counts; they were denied, subject to the defendant's exceptions. A motion for a bill of particulars was allowed. The bill of particulars, in part, sets forth the following: " (1) The instrument referred to in the first, second

and fourth counts of this indictment was a machine which applied electricity directly to the person. (2) The manner in which the defendant is charged with having used it or them is by placing the instrument or some part thereof either near or against the body of said Winifred E. Muldoon." All the counts follow substantially the words of G. L. c. 272, § 19, and except for an allegation of death are in the form prescribed by G. L. c. 277, § 79, — see the Schedule of Forms, under Abortion, (2) and (3), — and fully protect the rights of the defendant. *Commonwealth* v. *Sinclair*, 195 Mass. 100, 105. During the trial the defendant excepted to the admission and exclusion of certain evidence. At the close of the testimony he filed a motion for a directed verdict on each count; these motions were denied and the defendant excepted. After a verdict of guilty had been returned by the jury, the defendant filed a motion for a new trial, which was denied subject to his exception. He seasonably claimed an appeal and filed an assignment of errors. There was evidence tending to show that the instrument used by the defendant as set forth in the first, second and fourth counts of the indictment was the instrument set forth in the bill of particulars filed by the Commonwealth. It could have been found from the testimony of Winifred E. Muldoon that the illegal acts alleged in each count had been committed by the defendant, and that she paid him therefor.

There was evidence that visits of this witness to the defendant's office came to the knowledge of members of her family, and investigation was made which resulted in criminal proceedings being instituted against him.

Assignments of error 1 and 2 are based upon the exceptions to the denials of motions to quash the several counts of the indictment. These exceptions are now waived.

The third assignment of error is based upon an exception to the admission in evidence of Exhibit 5, which is a copy of an affidavit executed and sworn to before a notary public on August 25, 1931, by Winifred E. Muldoon in which she sets forth her visits to the defendant's office, and the acts done by him to relieve her of her pregnancy described in

her testimony hereinbefore referred to. The transcript of evidence shows that this affidavit was not referred to in the direct examination of this witness. It appears that on her cross-examination she was examined at length with reference to the contents of the affidavit; the original and the copy were in the possession of the Commonwealth, and the district attorney, at the request of counsel for the defendant, produced the copy, and counsel for the defendant read long excerpts from it. It was not used by the witness to refresh her recollection. After the close of the cross-examination the district attorney offered the original affidavit, which was excluded. He then offered the copy, which was admitted subject to the defendant's exception. The defendant testified that Winifred E. Muldoon had not been in his office at any time in December, 1930; that the first time he ever saw her was in May, 1931, when he treated her for some disease. He denied that he at any time committed the crimes with which he was charged. The affidavit was not signed and sworn to until August 25, 1931. It is a reasonable inference from her cross-examination that the defendant sought to show that her testimony was given under undue influence or duress exercised by some members of her family, and was a recent invention. In these circumstances the affidavit was admissible to show that she had previously made statements similar to those given at the trial. *Clark* v. *Fletcher*, 1 Allen, 53, 57. *Boyle* v. *Boston Elevated Railway*, 208 Mass. 41. It was said in *Commonwealth* v. *Retkovitz*, 222 Mass. 245, at page 250, "A party may, for the purpose of discrediting an opponent's witness, show that he has given two inconsistent narrations of the same affair, one of which was necessarily untrue. As is pointed out . . . in *Commonwealth* v. *Jenkins*, 10 Gray, 485, 488, when this is the state of the evidence it by no means relieves the witness of the distrust thus cast upon him to prove that the story last told was similar to an earlier version given by the witness. The two inconsistent statements still remain. Hence, under these circumstances, such corroborating evidence is inadmissible. This is the general rule. But there is an exception where the contention

is made that the testimony of a witness is given under a bias or undue influence arising from some late occurrence subsequent to the main event, is a recent contrivance, or that the facts described in testimony previously have been concealed under conditions which warrant the belief that, if they were true, the witness would have been likely to have revealed them. In such a situation, evidence that the witness at earlier times before the intervention of these pernicious impulses had made statements like those given in court has a legitimate tendency to impugn the existence of these factors as operating causes to produce the testimony and thus to fortify his testimony, and therefore should be admitted."

*Commonwealth* v. *Jeffs,* 132 Mass. 5, *Commonwealth* v. *Sinclair,* 195 Mass. 100, *McKenna* v. *Fielding,* 272 Mass. 341, cited by the defendant, are distinguishable in their facts from the case at bar.

Assignments of error 4, 5 and 8 all relate to a part of the cross-examination of the defendant by the district attorney. The defendant had testified that he did not commit the acts set forth in the indictment, but had treated the woman only for a disease when she called upon him. He also testified that before he was arrested certain members of the family of Winifred E. Muldoon attempted to extort money from him; that while the indictment was pending and before the trial Winifred E. Muldoon came to him and told him that she had been forced by threats to tell the story she had repeated at the trial, and that it was false. He further testified that she had said to him on several occasions, twice in the presence of his counsel, that she had committed perjury in her previous testimony, and that he was not chargeable with the offence for which he had been indicted. In his cross-examination by the Commonwealth he was asked, in substance, if he made any complaints against her for perjury or reported it to any person except to his counsel. The district attorney withdrew two questions previously asked the defendant and then the following took place: "Q. . . . Did you make any complaints anywhere against her for perjury?

A. No, sir. — Q. Did you report it to the police? A. No, sir." The defendant then was asked on redirect examination by his counsel: " . . . whether or not you know that Mr. Campbell and myself went to the district attorney's office?" This question upon objection was excluded and the defendant excepted. Counsel for the defendant then made the following offer of proof: that the defendant would testify that he authorized his counsel to go to the district attorney, and that counsel stated to the district attorney the matters described in the offer of proof. This offer of proof was excluded and the defendant excepted. Thereafter one of the defendant's counsel of record, Mr. Flynn, testified that he and his associate saw the district attorney. The witness was then asked: "Now did you, in my presence, tell Mr. Hoban substantially the story that you have told here on the witness stand?" The question was objected to. Counsel in reply to a question put by the judge stated, "The purpose of it is in view of the cross-examination of Dr. Hoyt yesterday, and to show that this story was known to the district attorney before this case ever went to trial." The objection to the question was sustained and the defendant excepted. The exceptions to the exclusion of the questions cannot be sustained. Whether the defendant knew that his counsel went to the district attorney's office or the defendant told them to do so, and what the conversation between the district attorney and the defendant's counsel was, were immaterial and irrelevant. It follows that the exceptions 2, 3 and 6 in the assignments of error 4, 5 and 8, based on the cross-examination of the defendant, must be overruled.

Assignment of error 6 is based upon exception 4. The defendant was asked by his counsel on redirect examination the following question: "On cross-examination, Doctor, you stated I believe, substantially that you didn't forbid Miss Muldoon from coming to your office but let her come. Was that in consequence of any advice that you received from any one, yes or no?" This question was excluded and the defendant excepted. The defendant made no offer of

proof, and it does not appear what the answer would be or that the question was admissible upon any sound ground. No error is shown under this assignment.

The seventh assignment of error is waived.

Assignment of error 9 relates to motions for directed verdicts. Before these motions were filed the defendant in writing moved that all testimony relative to the use of any instrument or means other than described in the plaintiff's bill of particulars be struck out. This motion was allowed. The motions for directed verdicts were based on the following grounds: (a) There was no evidence that the defendant used a machine which applied electricity directly to the person by placing the same or some part thereof either near or against the body of said Winifred E. Muldoon, with intent to procure her miscarriage; (b) There was no evidence of an intent in the use of such machine to procure a miscarriage and it was impossible thereby to procure a miscarriage; (c) There was no evidence that the defendant unlawfully used his hands upon Winifred E. Muldoon with intent to procure a miscarriage. There was evidence from which the jury could have found that the defendant used an instrument as set forth in the first, second and fourth counts of the indictment upon the body of Winifred E. Muldoon with intent to procure her miscarriage. If the jury believed this testimony a finding was warranted that such an instrument as described in the first, second and fourth counts was used by the defendant upon the body of this woman with intent on his part to procure her miscarriage. There also was evidence from which the jury were warranted in finding that the defendant by the use of his hands removed from the body of Winifred E. Muldoon a completely formed child, and upon such a finding the defendant could have been found guilty under the third count of the indictment. If the jury believed the testimony of the defendant to the effect that his only treatment of this woman was for a disease from which he testified she suffered, they doubtless would have returned a verdict of not guilty. *Commonwealth* v. *Nason*, 252 Mass. 545. It is apparent, however, that this testimony was not credited by

the jury. The weight of the evidence was solely for them to determine. *Commonwealth* v. *Cooper*, 264 Mass. 368, 373. Upon the entire evidence it is plain that the motions for directed verdicts upon the first, second, third and fourth counts were denied rightly. *Commonwealth* v. *Wagner*, 231 Mass. 265. *Commonwealth* v. *Leger*, 264 Mass. 217. *Commonwealth* v. *Donoghue*, 266 Mass. 391.

The tenth assignment of error is based upon an exception to the denial of the defendant's motion for a new trial. The grounds of this exception are that the verdict was against the law upon the evidence submitted; that there was no evidence tending to show the use of any instrument or other means with intent to procure a miscarriage; that the verdict was inconsistent with the verdict returned in another case tried with this one, where the defendant was charged with aiding and assisting the present defendant in the unlawful acts alleged. Other grounds specified are waived. We have considered all the questions raised by this exception; they need not be referred to in detail. It is sufficient to say that no error of law is shown in the denial of the motion. It may be added, however, that the question whether or not a motion for a new trial shall be granted rests in the sound discretion of the trial judge. *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 24, 25. *Commonwealth* v. *Bannon*, 254 Mass. 320, 325. There is nothing in the record to show that such discretion was not judicially exercised.

As the record does not disclose any error of law, the entry must be

*Exceptions overruled.*

## MEMORANDUM.

On the eleventh day of June, 1932, the Honorable GEORGE AUGUSTUS SANDERSON died at Boston. He held the office of an Associate Justice of this Court from the ninth day of October, 1924, until the time of his death.