COMMONWEALTH *vs.* MICHAEL BINKIEWICZ.

Worcester. September 21, 1959. — October 29, 1959.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Evidence,* Accomplice. *Practice, Criminal,* Summoning witnesses for
defendant.

It could not be ruled as matter of law that a finding of guilty at a crim-
inal trial was precluded by the fact that the only evidence linking the
defendant with the crime was testimony of an accomplice; and mat-
ters going to the weight of the accomplice's testimony were for the
trier of facts, not this court. [591]
The defendant in a criminal case was not entitled as of right by G. L.
c. 277, § 66, to the issuance of process to summon witnesses upon a re-
quest for such process made to the judge, but not the clerk, during
the trial of the case. [591-592]

INDICTMENT found and returned on May 8, 1958.

The case was heard in the Superior Court by *Hudson, J.,*
without jury.

*George F. Himmel,* for the defendant, submitted a brief.

*John F. Driscoll,* Assistant District Attorney, for the
Commonwealth.

WHITTEMORE, J. The defendant was convicted by a
judge in the Superior Court, sitting without jury, of the
crime of assault and armed robbery while masked (G. L.
c. 265, § 17). In support of his exceptions he contends that
the judge erred in refusing to rule that a finding of not
guilty was required in law, and in denying requests to the
judge near the close of the second day of the trial for the
issuance of process to summon certain witnesses. The
issue of the sufficiency of the evidence was raised by a
"motion for a directed verdict" which we consider as a
request for ruling. See *Commonwealth v. Corcoran,* 332 Mass.
615. There was no error.

The robbery occurred at Westboro on January 31, 1958.
The only testimony linking the defendant with the crime

was that of an admitted accomplice. If believed, this was direct and full evidence that the defendant committed the robbery. The defendant stresses the importance of careful scrutiny of such testimony (*Commonwealth* v. *Giacomazza*, 311 Mass. 456, 464) and points to inconsistencies in it, and to conflicting testimony, evidence of a fight between the accomplice and the defendant at Norfolk Prison Colony, and evidence of the accomplice's stated intent to get even with the defendant. There was some peripheral corroboration of the accomplice's testimony.

We cannot rule that the testimony was incredible as a matter of law, that the inconsistencies destroyed its significance, or that there was a lack of evidence which, if believed, would sustain a finding of guilty beyond a reasonable doubt. Compare *Commonwealth* v. *Albert*, 310 Mass. 811, 816–817. It is, of course, not for us to weigh the evidence and there is no suggestion that the trial judge did not do so in all respects as law and justice require.

The defendant contends that the judge was obliged to direct the issuance of summons because of G. L. c. 277, § 66, which, so far as relevant, provides that "A prisoner indicted for a crime punishable with death or imprisonment for life, upon demand by him or his counsel upon the clerk, shall have . . . process to summon witnesses who are necessary to his defence, at the expense of the commonwealth." It does not appear that any application had been made to the clerk. We need not determine the limit of the defendant's right imposed by the word "necessary" (as to fees of expert see *Clark, petitioner*, 104 Mass. 537), or indicate here the means available to the defendant to enforce his rights under the statute if process is refused by the clerk. We assume without deciding that upon seasonable application to the clerk the defendant could have required process, and that the usual course, upon such application being made, is to issue the process demanded. That is irrelevant. The defendant shows no right to call upon the judge to order process to issue. So far as appears it was solely within the judge's discretion whether in the midst of trial to indicate

his view that summons should issue, or to reinforce that with an order. We are not now concerned with the effect of such an order if one had been issued.

*Exceptions overruled.*