COMMONWEALTH *vs.* ADELINO CARVALHO. December 31, 1968. The defendant assigns as error the denial of his motions for a directed verdict and for a new trial. He was convicted on an indictment charging him with robbery primarily because of testimony of an alleged accomplice. The judge in his charge cautioned the jury with respect to this testimony stating, in addition to describing possible motives which might place it in question, "You can evaluate his testimony in the light of whatever motives you find he had for testifying a particular way." As was said in *Commonwealth* v. *Binkiewicz*, 339 Mass. 590, 591, "We cannot rule that the testimony was incredible as a matter of law, that the inconsistencies destroyed its significance, or that there was a lack of evidence which, if believed, would sustain a finding of guilty

beyond a reasonable doubt." See *Commonwealth* v. *Leger*, 264 Mass. 217, 220; *Commonwealth* v. *Beal*, 314 Mass. 210, 231–232. There was no error in the denial of the motion for a directed verdict. The defendant argues that the presence in the dock during his trial of two alleged accomplices not then on trial created for him a risk of guilt by association and corroboration of otherwise uncorroborated testimony. He lodged no objection to the presence of the accomplices during the trial. He cannot now argue on a motion for a new trial a point he could have raised at the trial. *Commonwealth* v. *Doyle*, 323 Mass. 633, 638, and cases cited. Furthermore, the seating of the alleged accomplices where they were was not improper when their presence in court was necessary, and proper security required them to be where they were placed. We see no abuse of discretion in the denial of the motion for a new trial.

*Judgment affirmed.*

*Robert A. Novick* (*Reuben Goodman* with him) for the defendant.
*David C. Hawkins*, Assistant Attorney General, for the Commonwealth, submitted a brief.