Commonwealth *vs*. Fred W. Kaste.

Hampden.    September 20, 1976. — October 13, 1976.

Present: Hale, C.J., Armstrong, & Brown, JJ.

*Bribery.    Witness,* Conflicting statements.

A conviction on an indictment under G. L. c. 268A, § 2(*a*) (1), which alleged that the defendant sought to induce a municipal employee "to issue false percolation tests" was warranted by evidence that the defendant sought to induce the official to sign test forms indicating that he had witnessed such tests when in fact he had not been in attendance at the time of the testing. [590-591]

There was no merit in a criminal defendant's contention that disbelief of a witness's trial testimony was required as matter of law because it was inconsistent with his testimony before the grand jury. [591-592]

Indictment found and returned in the Superior Court on September 23, 1974.

The case was heard by *Cross*, J.

*John D. Ross, Jr.,* for the defendant.

*L. Jeffrey Meehan* for the Commonwealth.

Hale, C.J.    After a jury waived trial held pursuant to the provisions of G. L. c. 278, §§ 33A-33G, the defendant was convicted of having corruptly offered a bribe to one Reardon, the director of public health of the city of Westfield, with intent to influence Reardon in his performance of an official act. G. L. c. 268A, § 2 (*a*) (1). The defendant has assigned as error the denials of his motion for a directed verdict filed when the prosecution rested its case and renewed at the conclusion of all the evidence. Also argued is an assignment based on an evidentiary ruling. There was no error.

From the evidence the judge could have found that Reardon was employed by the city of Westfield as its director of public health. Among his duties was the witness-

ing of percolation tests required by the State Sanitary Code, Article XI (1966), entitled "Minimum Requirements for the Disposal of Sanitary Sewage in Unsewered Areas." The code required, among other things, that prior to the construction of a sewage disposal system on a given lot the suitability of the soil be determined from percolation tests to be performed by a registered professional engineer, registered sanitarian, or some other person deemed by the board of health to be qualified to perform such tests. The code also provided that all such tests be performed in the presence of a representative of the approving authority. In the present case the board of health of Westfield was such an authority and Reardon was such a representative. Reardon's signature on a written test report form would indicate that he had witnessed and approved the test.[1]

On July 12, 1974, the defendant went to Reardon's office and informed him that he had a "mutually beneficial proposition" which would afford Reardon an opportunity to make some money. He asked Reardon to affix his signature to percolation test forms which would indicate that Reardon had witnessed tests on particular parcels, when in fact he had not been in attendance at the times of testing. Tests on twenty lots were to be involved, and Reardon was to be paid in cash a percentage (between eight and ten per cent) "of the purchase price of the parcel of land." On the following Monday, the fifteenth, the defendant again met with Reardon, who rejected the offer and pushed the defendant out of his office.

The indictment charged a violation of G. L. c. 268A,

---

[1] There was testimony that the required percolation tests consisted of two parts, one to determine ground water elevation and the other to determine the capacity of the soil to absorb water. There was also testimony that a regulation adopted by the Westfield board of health provided that the ground water elevation test (as required by the Code, § 14.3) could only be carried out between December 15 of one year and May 1 of the next year. There was further testimony concerning whether the latter restriction could be waived and concerning whether it had in fact been waived in certain instances. Important though these considerations may have been at trial, they are not relevant to the issues involved in the appeal.

§ 2 (a) (1), which, among other things, makes criminal the corrupt offering of something of value to a municipal employee to influence an official act within the responsibility of such employee. The evidence presented to the judge was sufficient to warrant the conclusion that the defendant had corruptly offered a payment of money by which he sought to induce Reardon to falsify test report forms by signing them, thereby indicating that Reardon, as the representative of the board of health, had actually witnessed and approved such percolation tests when in truth he had not. Thus, all of the elements necessary to support a conviction had been proven.

The defendant argues that in order to convict on the indictment, which alleged that he sought to induce Reardon "to issue false percolation tests," it was necessary for Reardon to have been the person who performed, or should have performed, the tests. The defendant reasons that because Reardon's duties admittedly did not include the actual making of such tests (as opposed to his witnessing and approving such tests), he could not "issue false percolation tests." We regard that argument to be beside the point. It was within Reardon's duties to witness and approve tests. The official act sought to be influenced was his indication, by way of his signature on a test report, that he had done so. Compare *Commonwealth* v. *Beneficial Fin. Co.* 360 Mass. 188, 302 (1971), cert. den. sub nom. *Farrell* v. *Massachusetts*, 407 U. S. 910, and sub nom. *Beneficial Fin. Co.* v. *Massachusetts*, 407 U. S. 914 (1972).

The defendant argues that Reardon gave certain testimony before the grand jury "diametrically opposing" his testimony at trial and that, for that reason, disbelief of the trial testimony was required as matter of law. The defendant further argues that if such statements were disbelieved, there would be no evidence upon which he could be convicted. The statements attributed to Reardon in the defendant's brief are not fully supported by the transcript of testimony; the grand jury minutes are not before the court. Even if the statements were inconsistent, disbelief would not be required, as the defendant suggests; rather,

Commonwealth *v.* Kaste.

any such inconsistency would be for the consideration of the judge as the trier of facts in assessing Reardon's credibility. *Marra* v. *Botta Corp.* 356 Mass. 569, 572-573 (1970). See *Commonwealth* v. *Binkiewicz,* 339 Mass. 590, 591 (1959). Woven into this argument is a claim that the circumstances before the grand jury were not the same as those which resulted in conviction. The record in this case is devoid of any support for such a proposition. Compare *Connor* v. *Commonwealth,* 363 Mass. 572, 574-578 (1973), with *Commonwealth* v. *Gallo,* 2 Mass. App. Ct. 636, 639-640 (1974).

There was nothing introduced during the presentation of the case for the defense which in any way required a different ruling when the "motion for a directed verdict" was renewed. There was no error in either denial of the motion.

The defendant's assignment of error based on an exception to the admission of certain testimony is improper as it does not set forth grounds upon which the claim of error is based, as required by G. L. c. 278, § 33D. In any event, the exception would avail the defendant nothing, as testimony substantially to the same effect had been elicited by the defendant from the witness in earlier cross-examination.

*Judgment affirmed.*