COMMONWEALTH *vs.* ARMAND LOZANO. October 11, 1977. 1. The fol-lowing is a summary of some of the evidence introduced by the close of the Commonwealth's case (see *Commonwealth* v. *Kelley,* 370 Mass. 147, 148-149 [1976]) which was sufficient to warrant findings that the defendant had acted in bad faith rather than "for a legitimate medical purpose" (G. L. c. 94C, § 19[a], as amended by St. 1972, c. 806, § 15) in giving the two undercover officers the six prescriptions for which the defendant stands convicted: the defendant took no medical history from either officer and failed to weigh one of them before giving him prescriptions for weight reducing drugs; the defendant gave the officers additional prescriptions within an illegally short interval; he repeatedly gave both officers prescriptions for the drugs specifically named and requested by them, despite having been told by one of the officers that he had recently obtained like drugs from other physicians and having been told by both officers that they wished the drugs for nonmedical purposes (e.g., "I [don't] want to lose weight" and "[Will] it get me off?") and that they had used previously prescribed drugs for such pur-poses; the defendant used the street names ("black ones" and "speed") for two drugs discussed with one of the officers and demonstrated his own awareness of drug enforcement actions and procedures (e.g., "[Are you] having a hard time cashing prescriptions for desoxyn" and "Pretty soon all of these drugs will be off the market"); the defend-ant did not schedule any of the return visits by the officers; and he

expressly concurred in the professed opinion of one of the officers that the government should not interfere with his "right to do drugs." *Commonwealth* v. *Harvard,* 356 Mass. 452, 455 (1969). *Commonwealth* v. *Miller,* 361 Mass. 644, 647-650 (1972). *Commonwealth* v. *Comins,* 371 Mass. 222, 228-230 (1976), cert. denied, 430 U. S. 946 (1977). See also *United States* v. *Moore,* 423 U. S. 122, 127 (1975); *United States* v. *Warren,* 453 F.2d 738, 741 (2d Cir.), cert. denied, 406 U. S. 944 (1972); *United States* v. *Bartee,* 479 F.2d 484, 486, 489 (10th Cir. 1973); *United States* v. *Green,* 511 F.2d 1062, 1066 (7th Cir.), cert. denied, 423 U. S. 1031 (1975); *United States* v. *Rosenberg,* 515 F.2d 190, 192 (9th Cir.), cert. denied, 423 U. S. 1031 (1975); *United States* v. *Ellzey,* 527 F.2d 1306, 1307 (6th Cir. 1976); *United States* v. *Hooker,* 541 F.2d 300, 302-305 (1st Cir. 1976). In determining whether the defendant had acted in good or bad faith in giving the prescriptions for which he was convicted, the jury were entitled to consider the words and actions of the defendant throughout the entire course of his dealings with the officers. *Commonwealth* v. *Miller,* 361 Mass. at 656, 660. *Commonwealth* v. *Comins,* 371 Mass. at 232, 234-235. *United States* v. *Bartee,* 479 F.2d at 486. 2 Wigmore, Evidence § 302 (3d ed. 1940). There was no necessity for expert medical testimony. *Commonwealth* v. *Miller,* 361 Mass. at 656-657. *United States* v. *Larson,* 507 F.2d 385, 387, 388 (9th Cir. 1974). 2. The conduct of the officers was not so "shocking or offensive" as to constitute entrapment as matter of law. *Commonwealth* v. *Harvard,* 356 Mass. at 460. *Commonwealth* v. *Miller,* 361 Mass. at 652. Compare *United States* v. *Russell,* 411 U. S. 423, 431-432 (1973). Contrast *Sherman* v. *United States,* 356 U. S. 369, 371 (1958); *State* v. *Talbot,* 71 N.J. 160, 167-168 (1976). Accordingly, the fact that the officers intended to entrap the defendant was irrelevant. *Commonwealth* v. *Harvard,* 356 Mass. at 460. *Commonwealth* v. *Miller,* 361 Mass. 647. The evidence summarized in part 1 hereof was sufficient to sustain the Commonwealth's burden of proving that the defendant was predisposed to commit the offences charged. *Commonwealth* v. *Harvard,* 356 Mass. at 460. *Commonwealth* v. *Miller,* 361 Mass. at 652, 660. 3. No question was raised by the defendant's motion to sever which was not considered and decided adversely to the defendant in *Commonwealth* v. *Benjamin,* 3 Mass. App. Ct. 604, 623-627 (1975). 4. The judge put to the prospective jurors all the questions required by the first paragraph of G. L. c. 234, § 28, and it was not made to appear that any of the additional questions requested by the defendant which are still argued fell within the ambit of the second paragraph of that section, as appearing in St. 1975, c. 335. There was no request that the questions be addressed to the individual prospective jurors, and the entire matter was argued as one addressed to the judge's discretion. See *Commonwealth* v. *Killelea,* 370 Mass. 638, 649-650 (1976). There was no abuse of discretion. See and compare *Commonwealth* v. *Haglund,* 4 Mass. App. Ct. 858, 859 (1976). We note that the judge excused the only two jurors who had seen a television program which was broadcast during the course of the trial and which was concerned with the prescription of drugs for weight control.

*Judgments affirmed.*

*Lawrence D. Shubow* (*Elizabeth A. Rodgers* with him) for the defendant.

*Richard G. Stearns,* Assistant District Attorney (*Charles J. Hely,* Assistant District Attorney, with him) for the Commonwealth.