COMMONWEALTH *vs.* SAMUEL L. JACOBS. April 13, 1978. Jacobs appeals from his convictions by a jury of threats with intent to extort money in violation of G. L. c. 265, § 25. Evidence presented by the Commonwealth was, in the main, tape recordings of conversations between Jacobs and Hayward, the victim of Jacobs' threats. Hayward died before Jacobs was brought to trial. 1. Even if we were to accept Jacobs' contention that the judge's rulings on evidence prevented jury consideration of the defense of entrapment, there was no error. The evidence showed that Hayward, wired with recording equipment, met Jacobs, who threatened to beat Hayward unless he repaid certain loans. The evidence demonstrated that Hayward in no way incited Jacobs to utter the threats which were quickly forthcoming during their first recorded meeting where Hayward showed hesitation in repaying the loans. The police, through Hayward, had merely set the stage which afforded Jacobs with an opportunity to commit the crime. As the crime did not result from the creative activity of the police, there was no entrapment. *Commonwealth* v. *Harvard,* 356 Mass. 452, 459 (1969). *Commonwealth* v. *Miller,* 361 Mass. 644, 651-652 (1972). See *Commonwealth* v. *Lozano,* 5 Mass. App. Ct. 872, 873 (1977). Since there was no evidence from which the jury could have found entrapment, the judge did not err in not submitting that issue to the jury. See *Pierce* v. *United States,* 414 F.2d 163, 166-168 (5th Cir.), cert. denied, 396 U.S. 960 (1969); *United States* v. *Hopkinson,* 492 F.2d 1041, 1044 (1st Cir.), cert. denied, 417 U.S. 968 (1974). 2. Nor was there error in allowing the district attorney to cross-examine Jacobs in regard to his prior criminal record. On direct examination defense counsel elicited from Jacobs that he was awarded a theatrical license, and that the requirements for the license were that he be a citizen and have "absolutely no record." On cross-examination by the district attorney it developed that the application for the license required information of

the applicant's record for the prior two years only. On redirect, and again on further redirect, defense counsel questioned Jacobs about his record and the license requirements. The court found that Jacobs had put his own credibility in issue on the question of his record and allowed the district attorney to ask Jacobs, "Are you telling this Court and jury that you have no record with the Massachusetts Board of Probation?" When Jacobs' answer was equivocal, the district attorney showed Jacobs a copy of his probation record, and eventually elicited from him that there was a record of a criminal proceeding against him in a District Court which had been appealed and dismissed in the Superior Court. Jacobs argues that the judge erred in allowing evidence of his probation record which was not admissible under G. L. c. 233, § 21. It was not intended that this evidence be admissible under G. L. c. 233, § 21, nor was it so admitted. The judge permitted the prosecution to question Jacobs on the issue only because on direct examination the defense had injected that line of inquiry into the case which, if unquestioned, could have left the jury with a false impression. See *Commonwealth* v. *Smith*, 342 Mass. 180, 186 (1961). Evidence of past criminal activity, not admissible under c. 233, § 21, may be independently admissible under another theory. *Commonwealth* v. *West*, 312 Mass. 438, 440-441 (1942). *Commonwealth* v. *Redmond*, 357 Mass. 333, 337 (1970). *Commonwealth* v. *Killelea*, 370 Mass. 638, 650 (1976). Leach & Liacos, Massachusetts Evidence 124-126 (1967). The evidence of Jacobs' probation record was admissible for impeachment by contradiction. See generally Hughes, Evidence § 243 (1961). 3. We discern no error in the judge's ruling that Hayward had voluntarily consented to the attachment of transmission and recording devices to his body. Testimony revealed that the police had fully informed Hayward that those steps were necessary and had explained how the devices worked. Hayward allowed the devices to be attached on five separate occasions. The evidence was sufficient to show consent under the standards of *United States* v. *Bonanno*, 487 F.2d 654, 657-659 (2d Cir. 1973), which are controlling here though the conversations were recorded via devices attached to Hayward's body rather than to a telephone. See *United States* v. *Rich*, 518 F.2d 980, 985 (8th Cir. 1975), cert. denied, 427 U.S. 907 (1976). 4. Jacobs argues that the judge erred in excluding evidence showing the circumstances which led to allegedly extortionate statements. Jacobs failed to except to two evidentiary rulings which he now challenges; and as we perceive no substantial risk of a miscarriage of justice from the exclusion, we refuse to review those rulings. *Commonwealth* v. *Foley*, 358 Mass. 233, 236 (1970). Jacobs did except to the exclusion of his testimony concerning a conversation with Hayward. That testimony was excluded as hearsay; and Jacobs has cited no exception to the hearsay rule under which it should have been admitted. See *Commonwealth* v. *Fatalo*, 345 Mass. 85, 87 (1962). Nor has he pointed to any evidence in support of his claim of bias on the part of the judge. *King* v. *Grace*, 293 Mass. 244, 246-247 (1936).

*Judgments affirmed.*

Paul M. Hoffman (*Peter M. Dowd* with him) for the defendant.

Joseph T. Doyle, Jr., Special Assistant District Attorney, for the Commonwealth.