COMMONWEALTH *vs.* CHARLES H. WHITE. April 18, 1980. The defendant, a licensed physician, appeals from convictions on twenty-nine indictments charging dispensing controlled substances in violation of G. L. c. 94C, § 32. We affirm the convictions.

1. Our review of the entire record leads us to conclude that there is no meaningful distinction between the factual pattern here presented and that found to be criminal in *Commonwealth v. Lozano*, 5 Mass. App. Ct. 872 (1977). See also *United States v. Hooker*, 541 F.2d 300, 304-305 (1st Cir. 1976).

We think that there was ample evidence which "*any* rational trier of fact could have found the essential elements of the crime [charged] beyond a reasonable doubt" (emphasis in original). *Commonwealth v. Latimore*, 378 Mass. 671, 677-678 (1979), quoting from *Jackson v. Virginia*, 443 U.S. 307, 318-319 (1979). *Lozano* and the instant case are very similar. Moreover, in *Lozano* there is an impressive collection of cases which illustrate that certain acts and practices, about which there was abundant testimony in the instant case, provide sufficient evidence to support the denial of a motion for a directed verdict. See also *United States v. Rosen*, 582 F.2d 1032, 1034 n.7 (5th Cir. 1978).

2. Passing the question whether the defendant's objection to the testimony of the Commonwealth's expert, Dr. Raynes, was sufficiently broad to challenge all aspects of his expertise, we conclude that the judge did not err in allowing him to testify as to what constituted accepted medical practice for prescribing eskatrol and seconal. See *Commonwealth v. Comins*, 371 Mass. 222, 233-234 (1976), cert. denied, 430 U.S. 946 (1977). It is settled that the admission of expert testimony lies largely within the discretion of the trial judge, *Commonwealth v. Devlin*, 365 Mass. 149, 152 (1974), and only where there is no evidence to warrant his conclusion that a witness is competent to express an opinion upon a particular matter can his decision be disturbed on appeal. *Commonwealth v. Bellino*, 320 Mass. 635, 638, cert. denied, 330 U.S. 832 (1947). Here there is adequate support in the record for the judge's decision, and we find no occasion for concluding that there was "an abuse of discretion or error as matter of law." *Commonwealth v. Boyd*, 367 Mass. 169, 182 (1975).

*Judgments affirmed.*

*William P. Homans, Jr.*, for the defendant.
*Lila Heideman*, Assistant District Attorney, for the Commonwealth.