COMMONWEALTH *vs.* DONALD COREY. August 27, 1980. After a jury-waived trial in the Superior Court, the defendant was convicted of having offered a bribe to a police officer. G. L. c. 268A, § 2(a). Officer Leach had apprehended a minor and confiscated from him a case of beer which the minor had purchased at a liquor store in which the defendant owned all of the capital stock. The defendant offered a bribe to Leach hours after this illegal sale. He argues that he was entitled to a finding of not guilty because the evidence established that the officer had entrapped him and that at the time of the bribe there was no act to be performed by Leach over which the defendant could exercise influence. We affirm the judgment.

1. The Commonwealth presented evidence to show that Leach, after apprehending the minor and confiscating the purchased beer, informed an employee of the defendant's liquor store that he intended to submit a

report to the liquor licensing commission. That same night the defendant made such repeated efforts to speak with Leach that Leach became suspicious of him, scheduled a meeting at the police station, and arranged to have a fellow officer secrete himself in an adjoining room where he could observe and hear Leach and the defendant. At this meeting a short time after the illegal sale, the defendant asked Leach if anything could be done, if Leach would return the confiscated beer to him, and if he could have Leach's report. The defendant took money from his wallet, and when Leach told him that he did not want it and to put it back, the defendant offered Leach a larger amount. The defendant testified that when he asked Leach if anything could be done, Leach rubbed his thumb and first two fingers together, an act which the defendant interpreted as a request for money; when the defendant first offered Leach money, he did not increase the amount until after Leach stated that other officers were involved, thereby implying that the original offer was insufficient. Entrapment presents to the fact finder the issue whether the defendant was predisposed to commit the crime charged. *Commonwealth* v. *Harvard,* 356 Mass. 452, 459-461 (1969). *Commonwealth* v. *Miller,* 361 Mass. 644, 650-651 (1971). It was for the judge to weigh the defendant's credibility, *Commonwealth* v. *Heffernan,* 350 Mass. 48, 53, cert. denied, 384 U.S. 960 (1966); *Commonwealth* v. *Kaste,* 4 Mass. App. Ct. 589, 591-592 (1976), and it is obvious that he rejected the bulk of the defendant's testimony. With this in mind, the present case is disposed of by the holdings in *Commonwealth* v. *Lozano,* 5 Mass. App. Ct. 872, 873 (1977), and the cases cited therein. The fact that Leach and his fellow officer might have intended to gain evidence against the defendant was irrelevant. The recited evidence was sufficient to sustain the Commonwealth's burden of proving the defendant guilty of the crime charged. See *Commonwealth* v. *Harvard,* 356 Mass. at 460; *Commonwealth* v. *Miller,* 361 Mass. 652, 660; *Commonwealth* v. *Lozano,* 5 Mass. App. Ct. at 873. See also *Sorrells* v. *United States,* 287 U.S. 435, 448-450 (1932); *Tzimopoulos* v. *United States,* 554 F.2d 1216, 1216-1217 (1st Cir.), cert. denied, 434 U.S. 851, 852-853 (1977).

2. The facts that the minor had been apprehended, the beer confiscated, and the report written before the defendant approached Leach do not preclude the defendant's conviction on the basis that at the time of the offer it was impossible for Leach to alter the course or outcome of any administrative action against the defendant's liquor store. See e.g., *Commonwealth* v. *Albert,* 307 Mass. 239, 244 (1940); *Commonwealth* v. *Mannos,* 311 Mass. 94, 112 (1942). These cases are inapposite, as they stand for the proposition that when the desired act has already been performed at the time the bribe is made, that act cannot be the result of corrupt influence. But see *Kemler* v. *United States,* 133 F.2d 235, 238 (1st Cir. 1942). In this case, it places no strain on the facts or the law to conclude that when the defendant sought to obtain the evidence or the report,

or both, it was still possible for Leach to alter the course or the outcome of the intended administrative action. See *Commonwealth* v. *Schoening,* 379 Mass. 234, 241 (1979); *Commonwealth* v. *Kaste,* 4 Mass. App. Ct. at 590-592.

*Judgment affirmed.*

*Allan van Gestel* for the defendant.
*Michael J. Traft,* Assistant District Attorney, for the Commonwealth.