COMMONWEALTH vs. GARY PARKER.  October 19, 1981.  The defendant was convicted on charges of rape and assault and battery and acquitted on a charge of unarmed robbery.  The assault and battery conviction was placed on file with his consent and is not before us.  *Commonwealth* v. *Thompson*, 382 Mass. 379, 381-382 (1981).  The issue on appeal concerns the admission of evidence of prior criminal activity to impeach the defendant's credibility.  We conclude that the evidence should not have been admitted and reverse the conviction of rape.

The victim testified that she had lived with the defendant at several addresses over a two-year period, that he had fathered her youngest child, and that they had separated in January, 1979.  She stated that on March 8, 1979, the defendant came to her apartment without an invitation, where, after a discussion, he assaulted her, took money from her purse, and raped her.  In cross-examination, she testified that while she and the defendant cohabitated he held several jobs, including employment at a discount store and a woodworking company, that he had given her some of his paychecks, and that they had pooled their funds to maintain the household.  She admitted to having voluntary sex with the defendant throughout the entire relationship.  The victim's gynecologist, a police officer, and the victim's father gave fresh-complaint testimony, and two other witnesses testified that the defendant had mistreated the victim in the past.  There was no conclusive medical evidence that the victim had been sexually assaulted.

The defendant took the stand, briefly repeated his employment history, confirmed that he had contributed to the support of the victim and their daughter, and described at length the parties' past sexual history.  He admitted that he and the victim had quarreled on March 8 but stated that they thereafter had made up and had engaged in consensual intercourse.  On cross-examination, the prosecutor was permitted, over defense counsel's objection, to bring out in some detail the fact that the defendant had been fired from his job at the discount store because he had stolen and cashed another employee's paycheck, and the fact that he had been discharged from his job at the woodworking company because he had been suspected of stealing merchandise.  Defense counsel tried, without much success, to counter this evidence in redirect examination and to explain it in his closing argument.  In his summation, the prosecutor stated that the case was one which depended for its resolution on a determination of credibility.  He stressed the activities which caused the defendant to lose the two jobs, implied that the defendant had attempted to conceal the evidence, and argued that the jury should consider the evidence in their assessment of the defendant's credibility.

There was no proof that the incidents causing the defendant to lose the jobs had led to his convictions of larceny or to any other convictions which could be admitted for impeachment under G. L. c. 233, § 21.  The effect of permitting cross-examination of the defendant on the incidents (beyond

the fact that he had been discharged from the jobs) was "to introduce and emphasize evidence, possibly highly prejudicial, that he was guilty of . . . offense[s] of which he had not been convicted and which had no bearing on his guilt or innocence of rape." *Commonwealth* v. *Spare,* 353 Mass. 263, 267 (1967). See *Commonwealth* v. *Bishop,* 296 Mass. 459, 461-462 (1937); *Jones* v. *Commonwealth,* 327 Mass. 491, 492-494 (1951); *Commonwealth* v. *Banuchi,* 335 Mass. 649, 654 (1957); *Commonwealth* v. *Welcome,* 348 Mass. 68, 70-71 (1964); *Commonwealth* v. *Bohannon,* 376 Mass. 90, 93 (1978). We do not think that defense counsel's examinations of the victim and the defendant on the latter's work record had opened the subject to the extent that evidence of prior unrelated criminal activity, wholly unrelated to the charges being tried, could be introduced to impeach the defendant's credibility. Contrast *Commonwealth* v. *Jacobs,* 6 Mass. App. Ct. 867, 868 (1978). There was, for example, no testimony that the defendant had voluntarily left the jobs, or that he had left under favorable circumstances. Defense counsel's objections at the time the evidence was introduced were sufficient under Mass.R.Crim.P. 22, 378 Mass. 892 (1979), to preserve his rights on the issue. Once the material was in, it was not necessary for defense counsel to object further or to move to strike, and he did not waive his rights by pursuing rehabilitation. Defense counsel also was not required to object to the prosecutor's discussion of the evidence in summation. Nor would a request for a limiting instruction (which would have been essentially meaningless) be required or helpful in the circumstances.

*Judgment reversed.*
*Verdict set aside.*

*Frank Herrmann* for the defendant.
*Kevin M. Flynn,* Legal Assistant to the District Attorney, for the Commonwealth.