NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-553

COMMONWEALTH

vs.

KAREN I. RIVA-CLARKE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a bench trial in the District Court, the defendant was found guilty of intimidation of a witness, in violation of G. L. c. 268, § 13B, threatening to commit a crime, in violation of G. L. c. 275, § 2, and assault and battery with a dangerous weapon, in violation of G. L. c. 265, § 15A (b). On appeal, she argues that her motion for required findings of not guilty should have been allowed because the victim "was thoroughly impeached." We affirm.

Background. We summarize the evidence in the light most favorable to the Commonwealth. See Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), S.C., 423 Mass. 129 (1996). At the time of the events from which the charges arose, the victim,

Mounia Facada, and the defendant were neighbors. They each occupied a floor of a two-unit residence in Chelsea. Facada lived in the first-floor unit with her husband and young son and the defendant and her husband resided in the upstairs unit. Facada testified that on the evening of June 3, 2018, at around 8:20, she and her son, who was five years old, were returning to their home when the defendant approached them. The defendant was holding a knife and said: "I told you not to call the police. I'm going to kill you and kill your son. I have nothing to lose." The trial judge could reasonably infer that the defendant was referring to a pending action Facada initiated against the defendant's husband for sexual harassment. Facada pleaded with the defendant not to hurt her son and ultimately managed to open the door to her home and push her son inside. Meanwhile, the defendant continued to approach Facada, and subsequently cut her on the back of her hand. Once inside her home, Facada called the police, and was treated by emergency medical technicians for her injury.

During cross-examination, defense counsel attempted to impeach Facada's testimony by implying that she had fabricated the incident in retribution for an incident that had occurred about a year earlier. As Facada acknowledged, she was annoyed over the sound of banging that came from the defendant's

2

apartment and wanted the defendant and her husband to move. Defense counsel also attempted to undermine Facada's testimony because she had not described the defendant's clothing or the knife to the police when she reported the incident. When asked questions about her failure to do so, Facada responded that the police never asked her to describe the clothing or the knife.

Discussion. The standard for reviewing a motion for a required finding of not guilty is well settled. We consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Latimore, 378 Mass. at 677, quoting Jackson v. Virginia, 443 U.S. 307, 318-319 (1979). The defendant argues that Facada's testimony was insufficient to support the convictions beyond a reasonable doubt because it was inherently unreliable. This argument is unavailing as it was up to the finder of fact to determine whether Facada was truthful. The credibility of a witness is solely within the province of the judge in a bench trial. See Commonwealth v. Corey, 10 Mass. App. Ct. 873, 874 (1980). When assessing the sufficiency of the evidence, we resolve issues of credibility in favor of the Commonwealth; "[i]t does not matter that some of the evidence could be characterized as equivocal or contradictory." Commonwealth v.

3

<u>Ruci</u>, 409 Mass. 94, 97 (1991), quoting <u>Commonwealth</u> v. <u>Melchionno</u>, 29 Mass. App. Ct. 939, 940 (1990).  Accordingly, the motion for required findings of not guilty was properly denied.  See <u>Commonwealth</u> v. <u>James</u>, 424 Mass. 770, 784-785 (1997); <u>Commonwealth</u> v. <u>Jones</u>, 59 Mass. App. Ct. 157, 161 (2003).

<u>Judgments affirmed</u>.

By the Court (Vuono, Neyman & Smyth, JJ.[1]),

Clerk

Entered:  June 12, 2026.

---

[1] The panelists are listed in order of seniority.

4